TACHA, Circuit Judge.
 

 Appellant Timothy Leo Roach appeals the district court’s sentence issued after he entered guilty pleas to one count of conspiracy to possess pipe bombs in violation of 18 U.S.C. § 371, one count of unlawful transfer of a destructive device in violation of 26 U.S.C. §§ 5811, 5812, and 5861(e), and one count of unlawful possession of a firearm in violation of 26 U.S.C. §§ 5841 and 5861(d). On appeal, Mr. Roach argues that the district court incorrectly applied United States Sentencing Guidelines (U.S.S.G.)
 
 *575
 
 § 3Bl.l(a) by finding Mr. Roach was the leader or organizer of a criminal activity involving five or more individuals. We exercise jurisdiction under 18 U.S.C. § 3742 and affirm.
 

 The presentence report contains the following information. On July 31, 1991, a special agent of the Bureau of Alcohol, Tobacco, and Firearms (ATF agent) purchased a pipe bomb from Darryl Skaggs while working in an undercover capacity. Mr. Skaggs, a named, unindicted co-conspirator, related that the pipe bomb had been manufactured by Mr. Roach. On August 2, 1991, Mr. Skaggs introduced the ATF agent to Mr. Roach and Tony McCann, an indicted co-conspirator, who delivered a second pipe bomb to the ATF agent and agreed to sell him three more. The parties agreed that the ATF agent would pay Mr. Roach for the pipe bombs by giving cash to Mr. Skaggs, who would in turn deliver methamphetamine powder to Mr. Roach.
 

 On August 5, 1991, the ATF agent and Mr. Skaggs went to Mr. Roach’s house where the agent saw Mr. Roach, Mr. McCann, and Kenneth Richardson, an indicted co-conspirator, assembling several pipe bombs. Mr. Roach told the ATF agent that he would deliver the pipe bombs to a motel room that Mr. Skaggs was renting in Oklahoma City. Mr. Roach delivered the three pipe bombs later that day.
 

 The presentence report also indicates that, during his investigation, the ATF agent was told of an incident that took place on July 28, 1991 in which Anthony Nelson — Mr. Skaggs’s bodyguard and a named, unindicted co-conspirator — was driving Mr. Roach and Mr. Richardson to the home of a rival drug dealer. They possessed two pipe bombs that they intended to use on their rival if he did not pay money he owed to Mr. Roach. Mr. Roach and Mr. Richardson threw the pipe bombs from the car to avoid detection when Mr. Nelson was stopped for a traffic violation.
 

 The grand jury returned a ten count indictment. Mr. Roach pled guilty to three of the counts and the other seven were dismissed. Count one, to which Mr. Roach pled guilty, charged him with conspiracy to possess pipe bombs in violation of 18 U.S.C. § 371. The count recited overt acts taken by Mr. Roach, Mr. McCann, Mr. Richardson, Mr. Skaggs, and Mr. Nelson.
 

 Prior to sentencing, Mr. Roach objected to paragraph 17 of the presentence report, in which his offense level was increased by four points under § 3B1.1(a), arguing that the criminal activity involved fewer than five participants. Section 3Bl.l(a) provides: “If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels.” U.S.S.G. § 3B1.1(a). The district court held a sentencing hearing and upheld the four-point adjustment. Mr. Roach now appeals that decision. We review the district court’s findings under the clearly erroneous standard,
 
 United States v. Walker,
 
 931 F.2d 631, 636 (10th Cir.1991), and will reverse only if the district court’s finding was without factual support in the record or we are left with the definite and firm conviction that a mistake has been made.
 
 United States v. Beaulieu,
 
 893 F.2d 1177, 1182 (10th Cir.),
 
 cert. denied,
 
 497 U.S. 1038, 110 S.Ct. 3302, 111 L.Ed.2d 811 (1990).
 

 Mr. Roach argues first that the government failed to establish by a preponderance of the evidence that Mr. Nelson was a participant within the meaning of § 3B1.1(a). The sentencing guidelines define a participant as “a person who is criminally responsible for the commission of the offense, but need not have been convicted.” U.S.S.G. § 3B1.1, comment, (n. 1). Based on the ATF agent’s testimony at the hearing, the district court found that Mr. Nelson could be held criminally responsible, and thus be considered a participant for the purposes of § 3Bl.l(a).
 

 The ATF agent testified that Mr. Nelson had told him that he was acting under Mr. Roach’s direction when he drove the vehicle containing Mr. Roach and Mr. Richardson on July 28, 1991. He testified that Mr. Nelson had told him that Roach had said they intended to throw one pipe bomb at the rival drug dealer’s house and one at his car. On the way to the house, the vehicle
 
 *576
 
 was stopped by a police officer. The agent further testified that Mr. Roach had told him that- when they found the police car following them, Roach had instructed Nelson to turn a corner and then threw the pipe bombs and a firearm out the window. On cross examination, the ATF agent acknowledged that the information he had about where Nelson, Roach, and- Richardson were going that evening, and what the intended to do there, came entirely from Mr. Nelson. He also acknowledged that Mr. Roach had denied the information when he was debriefed later by the agent.
 

 Although the ATF agent’s testimony was hearsay, the court may use reliable hearsay testimony at sentencing to determine the appropriate punishment.
 
 Beaulieu,
 
 893 F.2d at 1181. Mr. Roach argues, however, that the ATF agent’s testimony is. not reliable because it was flatly contradicted by Mr. Roach and because the government offered no independent, corroborating evidence. We reject this argument because Mr. Roach’s guilty plea to count one of the indictment provides sufficiently reliable corroborating evidence. Count one of the indictment states in part that “[o]n or about July 28, 1991, defendants TIMOTHY jLEO ROACH and KENNETH RICHARDSON, along with unindicted co-conspirator Anthony Nelson, did possess two (2) pipe-bombs.” By pleading guilty to this count, Mr. Roach failed to contradict the information about Mr. Nelson’s involvement in the conspiracy and instead admitted to it.
 
 See United States v. Broce,
 
 488 U.S. 563, 570, 109 S.Ct. 757, 762, 102 L.Ed.2d 927 (1989) (“By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime.”). Therefore, after reviewing the record, we do not find the district court’s findings of fact to be clearly erroneous.
 

 Mr. Roach argues next that the government failed to establish by a preponderance of the evidence that he led or organized Mr. Skaggs’s participation in the criminal activity. To find that Roach was an organizer or leader under § 3Bl.l(a), there must be elements of control or organization of other people.
 
 See United States v. Bernaugh,
 
 969 F.2d 858, 862 (10th Cir.1992). The Guidelines identify a number of factors the court should consider in determining whether control or organization existed, including “the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.” U.S.S.G. § 3B1.1, comment. (n. 3). The Guidelines do not require that each of the factors be satisfied for § 3B1.1(a) to apply.
 
 Bernaugh,
 
 969 F.2d at 863.
 

 The record reveals that Mr. Roach acted as the leader and organizer of the pipe bomb enterprise and that Mr. Skaggs surrendered the leadership role to Roach. In particular, the record indicates that Mr. Roach organized and controlled Mr. Skaggs by introducing him to the pipe bombs and informing him that Roach would be interested in selling them to other people, by using him as an intermediary for the transfer of pipe bombs to the ATF agent, by instructing him to be extremely cautious in arranging a meeting for the transfer of pipe bombs, and by directing him to serve as the conduit through which Roach would receive payment in the form of methamphetamine.
 

 Upon reviewing the record, we do not find the trial court’s findings of fact to be clearly erroneous. The preponderance of the evidence contained in the record demonstrates that Mr. Skaggs was a participant led or organized by Mr. Roach. Without any contrary evidence, we must assume these facts to be correct.
 
 Walker,
 
 931 F.2d at 636.
 

 AFFIRMED.