9 F.3d 118
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Danilo MARTINEZ-PEREZ, Defendant-Appellant.
 No. 92-6376.
 United States Court of Appeals, Tenth Circuit.
 Oct. 26, 1993.
 
 ORDER AND JUDGMENT[1]
 Before BRORBY, BARRETT, and KELLY, Circuit Judges.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Danilo Martinez-Perez[2] was convicted of a conspiracy to distribute cocaine and/or cocaine base and four other drug related counts.
 
 
 3
 The conspiracy involved the transportation of powdered cocaine from Houston to Oklahoma City, conversion to cocaine base, and its distribution in the Oklahoma City area. Mr. Martinez-Perez' part in this conspiracy was primarily that of distributing the cocaine to other mid-level distributors.
 
 
 4
 Mr. Martinez-Perez raises four issues on appeal. The first two are identical to the Fifth Amendment Equal Protection and Eighth Amendment arguments raised and decided in United States v. Angulo-Lopez regarding the sentencing discrepancy between cocaine and cocaine base. In that case, we upheld the constitutionality of the disparity created in the Sentencing Guidelines. Because our previous decision is dispositive of the claims now raised by Mr. Martinez-Perez, no further discussion is warranted.
 
 
 5
 Mr. Martinez-Perez next challenges the sufficiency of the evidence supporting the conspiracy conviction asserting there exists no evidence supporting the necessary element of interdependence. "We review the entire record in the light most favorable to the government to determine whether the evidence, both direct and circumstantial, together with the reasonable inferences to be drawn therefrom, is such that a reasonable jury could find the defendant guilty beyond a reasonable doubt." United States v. Fox, 902 F.2d 1508, 1513 (10th Cir.), cert. denied, 111 S.Ct. 199 (1990).
 
 
 6
 Upon reviewing the record, we conclude there is overwhelming evidence from which a jury could find that the conduct of the conspirators was interdependent. Interdependence is present if there is adequate proof demonstrating that each coconspirator "intended to act together for their shared mutual benefit within the scope of the conspiracy charged." United States v. Evans, 970 F.2d 663, 671 (10th Cir.), cert. denied, 113 S.Ct. 1288 (1992). In support of a shared mutual benefit, the evidence shows the large scale organization, headed by Mr. Juan Carlos Angulo-Lopez, transported cocaine into Oklahoma City, converted it to cocaine base and then distributed the crack cocaine. Mr. Martinez-Perez is linked to the conspiracy primarily through the testimony of Carlos Gonzales. He testified that Mr. Martinez-Perez: assisted Mr. Angulo-Lopez by carrying cocaine intended for resale; accompanied the courier transporting the drug proceeds back to Mr. Angulo-Lopez in Houston; concealed $39,000 of the drug proceeds in a tire so it could be transported; cooked the cocaine into crack; and distributed crack cocaine. Other witnesses testified that Mr. Martinez-Perez relied on Mr. Angulo-Lopez for money to hire a lawyer and sold drugs provided by Mr. Angulo-Lopez. The record clearly indicates the conspirators were involved in a common scheme or plan in which they derived a shared mutual benefit, and Mr. Martinez-Perez was an integral part of that scheme.
 
 
 7
 Mr. Martinez-Perez next asserts his sentence was improperly computed. He contends that it was error for the sentencing court to: (1) enhance his sentence for possession of a firearm; (2) upwardly adjust the sentence for obstruction of justice; and (3) upwardly adjust the sentence for being a manager or supervisor. "We review a sentencing court's factual determinations under a clearly erroneous standard." United States v. Easterling, 921 F.2d 1073, 1077 (10th Cir.1990), cert. denied, 111 S.Ct.2066 (1991).
 
 
 8
 The presentence report recommended a two-level increase in the base offense level pursuant to U.S.S.G. 2D1.1(b)(1) as several individuals saw Mr. Martinez-Perez with a gun during the drug transactions. The jury acquitted Mr. Martinez-Perez of count 33 which charged him with knowingly using or carrying a firearm in relation to a drug trafficking crime. The Commentary to the guidelines notes that a two-level upward "adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. 2D1.1, comment. (n.3). This circuit acknowledges that an enhancement under 2D1.1 is acceptable even when the defendant has been acquitted of the firearm charge. United States v. Martinez, 979 F.2d 1424, 1433-34 (10th Cir.1992), cert. denied, 113 S.Ct. 1824, 113 S.Ct. 3019 (1993).
 
 
 9
 Mr. Martinez-Perez argues that the only testimony supporting his possession of a firearm is incredible as it comes from a drug dealer seeking leniency. Evidence in the record supports the proposition that a gun was present during drug transactions. Appellate courts do not pass on the credibility of witnesses. Thus, we find no error in the sentencing court's factual determination that a gun was present and was related to the offense for the purposes of 2D1.1.
 
 
 10
 The presentence report recommended a two-level increase in the base offense level pursuant to U.S.S.G. 3C1.1 for obstruction of justice. The enhancement was predicated upon the fact that Mr. Martinez-Perez made threatening gestures to a witness while the witness was testifying in open court. The reporting of this incident is fully documented in the trial transcript. Defense counsel filed an objection to the presentence report stating "there is too much conflicting information concerning the throat slitting motion made by defendant." Counsel requested that "this behavior should not be used for an obstruction enhancement." At sentencing, the court heard testimony from the United States Marshal who had observed the incident. The Marshal testified that he twice observed Mr. Martinez-Perez make a gesture from one side of the throat to the other while Carlos Gonzalez was testifying. The Marshal perceived that this gesture threatened the witness. Section 3C1.1 of the Sentencing Guidelines permits a two-level enhancement for obstruction of justice. An enhancement for threatening a witness is a proper application of this section. U.S.S.G. 3C1.1, comment. (n.3(a)).
 
 
 11
 On appeal, Mr. Martinez-Perez argues the evidence, which he concedes existed, was not credible. It is not the duty of the appellate court to judge the credibility of the Marshal's testimony. We merely note that the sentencing court was not clearly erroneous in finding that a basis for the obstruction of justice enhancement existed.
 
 
 12
 The presentence report did not recommend an enhancement for the defendant's role as a supervisor in the offense. The government, however, objected to this determination and presented testimony of the investigator at the sentencing hearing. The investigator in no uncertain terms testified that Mr. Martinez-Perez acted as a supervisor after Teresa Griffin's arrest. Based on the investigator's testimony and the court's recollection of the trial, the sentencing court found Mr. Martinez-Perez was a manager or supervisor (but not an organizer or leader) and since the criminal activity involved five or more participants he increased the base offense by three levels pursuant to U.S.S.G. 3B1.1(b).
 
 
 13
 Mr. Martinez-Perez asserts that the evidence does not show that he was a manager or supervisor. Without going any further, the investigating officer's testimony alone provides ample evidence to support the sentencing court's findings. Although some of the investigator's testimony was hearsay, it is well established that reliable hearsay testimony may be considered at sentencing. United States v. Roach, 978 F.2d 573, 576 (10th Cir. 1992). Moreover, evidence that Mr. Martinez-Perez acted as a supervisor can be derived from the testimony of the conspiracy participants given during trial.
 
 
 14
 The Judgement and Sentence is AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 Mr. Martinez-Perez was one of fourteen defendants. For the related cases see United States v. Angulo-Lopez, --- F.2d ---- (No. 92-6370) (10th Cir. Oct. 26, 1993)