**UNITED STATES COURT OF APPEALS**
**Filed 3/4/96**
**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

 Plaintiff - Appellee,

v.

DANILO MARTINEZ-PEREZ,

 Defendant - Appellant.

No. 95-6208

(D.C. No. CIV-95-259-T)

(W.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON, BARRETT,** and **LOGAN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.

Danilo Martinez-Perez appeals the district court's sua sponte denial of his in forma pauperis pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He contends that: 1) he was improperly detained by the INS in violation of Fed.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

R. Crim. P. 5; 2) the Speedy Trial Act ("Act") was violated; 3) he was not present during jury selection in violation of the Sixth Amendment and Fed. R. Crim. P. 43; 4) he received ineffective assistance of counsel; and 5) the district court abused its discretion in denying him an evidentiary hearing on his § 2255 motion. We affirm.

Martinez-Perez[1] was one of fourteen defendants convicted for various drug related offenses. On appeal, we affirmed his conviction and sentence in an unpublished order and judgment. United States v. Martinez-Perez, No. 92-6376, 1993 WL 430332 (10th Cir. Oct. 26, 1993), cert. denied, 114 S. Ct. 1555 (1994).

As the district court correctly noted, except for the ineffectiveness claim, see United States v. Galloway, 56 F.3d 1239, 1242 (10th Cir. 1995) (en banc), Martinez-Perez's § 2255 claims are subject to procedural bar, unless he can show cause and prejudice resulting from the error. United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995). However, a petitioner who alleges ineffectiveness of counsel may show cause by establishing ineffectiveness under the standard set out in Strickland v. Washington, 466 U.S. 668 (1984). Id. Therefore, we necessarily must examine the merits of the disputed issues.[2] Id. If the issue lacks merit, "counsel's failure to raise it 'does not constitute

_____

[1]In his § 2255 pleadings and his brief to us, petitioner refers to himself as "Perez." However, previous documents and proceedings, including direct appeal, used the combined surname, "Martinez-Perez." For consistency, and pursuant to standard English practice for hyphenated surnames, we continue to refer to petitioner as Martinez-Perez.

[2]In this appeal, we review de novo the district court's rulings on legal questions, United States v. Kissick, 69 F.3d 1048, 1051 (10th Cir. 1995), and we review its findings

constitutionally ineffective assistance of counsel.'" Id. at 393 (quoting United States v. Dixon, 1 F.3d 1080, 1084 n.5 (10th Cir. 1993)).

Martinez-Perez states, and the record confirms, that he was first taken into custody on December 4, 1991. At that time, there was no arrest warrant, and no formal drug related charges were filed against him. Instead, when DEA agents determined he was an illegal alien, he was turned over to the INS, and on December 7, 1991, he was brought before an immigration judge. According to Martinez-Perez's brief, in the hearing before the immigration judge, no mention was made of any arrest or detention related to possible drug charges. Rather, Martinez-Perez was told that he would be deported to his stated country of origin, Panama, and pending deportation, he was ordered detained in Texas.

Nonetheless, Martinez-Perez claims that the government lodged a secret detainer against him which prevented his deportation. He points to trial testimony in which DEA Special Agent Bakios states that on December 4, 1991, when Martinez-Perez was taken into custody along with two suspected drug dealers, "[w]e were not sure of [Martinez-Perez's] role at that time, so we did not file formal charges on him. He was sent to the INS, but I did put a detainer on him."[3] Appellant's Addendum, Ex. B at 1143. Thus,

_____

of fact for clear error. Brecheen v. Reynolds, 41 F.3d 1343, 1366 (10th Cir. 1994), cert. denied, 115 S. Ct. 2564 (1995).

[3]Additionally Martinez-Perez relies on the following evidence: 1) two government questions at trial characterized the December 4, 1991, events respecting Martinez-Perez as an arrest; 2) an Oklahoma City police officer testified at trial that Martinez-Perez had been in the custody "of some government agency or the other" since December 4, 1991; 3) the superseding indictment indicates the date of his offense to be December 4, 1991;

Martinez-Perez contends that he was arrested on December 4, 1991,[4] and that his four month INS detention until March 31, 1992, was a ruse pursuant to an illegally placed DEA detainer.

As his first claim, Martinez-Perez argues that his allegedly bogus detention by the INS violated Fed. R. Crim. P. 5, which requires that an arrested person be taken "without unnecessary delay before the nearest available federal magistrate judge," and thereafter if the arrest is warrantless, "a complaint shall be filed forthwith." In response, the government relies on an affidavit executed by Bakios, which reiterates the trial testimony that no drug-related charges were filed against Martinez-Perez in December 1991, and which further states that the INS took custody of Martinez-Perez on December 4 and that the subsequent INS detention related solely to deportation proceedings. Affidavit of Bakios, R. Vol. 10, Doc. 839, Ex. A.[5] Additionally, Bakios' affidavit states that no detainer was placed until after Martinez-Perez was formally arrested on March 31, 1992. Id.

---

and 4) the Bureau of Prisons gave him credit for all the time he was held by INS. However, these facts do not establish when and whether he was arrested and detained on drug charges.

[4]We note that Martinez-Perez makes no claim that any arrest on December 4, 1991, was unreasonable.

[5]Bakios' affidavit provides: "I have reviewed the INS file on Perez and he was not deported prior to his arrest by this district because he claimed to be a citizen of Panama, and the Panamanian government could not verify who he was or his citizenship." R. Vol. 10, Doc. 839, Ex. A.

In fact, Bakios' trial testimony does not conflict with his affidavit, and, contrary to Martinez-Perez's claim, the trial testimony does not establish any specific time for the referenced detainer. Our own thorough review of the record reveals a warrant for Martinez-Perez's arrest on drug charges, which was issued on February 10, 1992, and received in Texas by the arresting U.S. Marshal on March 16, 1992, following which arrest was effected on March 31, 1992.[6] On the day of arrest, an order of temporary detention pending hearing was issued. Thereafter, on April 3, 1992, Martinez-Perez appeared for a hearing before a magistrate judge in Texas who issued an order of detention pursuant to 18 U.S.C. § 3142, and a removal order to Oklahoma. R. Vol. I, unnumbered Tab labeled "Martinez-Perez." Subsequently, the arrest warrant was returned to Oklahoma on April 16, 1992, and Martinez-Perez appeared before a magistrate judge in Oklahoma on that date, at which time an attorney was appointed. On May 7, 1992, a superseding indictment naming Martinez-Perez was returned, and on May 8, 1992, Martinez-Perez was served with another arrest warrant based on the indictment.

This chronology, which establishes that there was no arrest on drug charges until March 31, 1994, is entirely consistent with the trial testimony. Martinez-Perez's contrary arguments are inconsistent with his own recitation of events at the hearing before the

_____

[6]This warrant was based on a sealed complaint which we were unable to locate in the record.

immigration judge, and are otherwise unsupported. Accordingly the district judge correctly determined that Rule 5 was not violated.

As a second, related claim, Martinez-Perez contends that the Speedy Trial Act was violated.[7] Thus, whether the Act was triggered when he was first taken into custody on December 4, 1991, or on February 10, 1992, when the formal complaint was filed, or even on March 31, 1992, he complains that the superseding indictment naming him was returned more than thirty days later, and the trial, which commenced on August 10, 1992, occurred more than seventy days later.[8]

We have already concluded that Martinez-Perez was first arrested on drug charges on March 31, 1992. It is that arrest which triggers the Act. See 18 U.S.C. § 3161(b). However, subsection 3161(h)(1) of the Act excludes any delay resulting from proceedings concerning the defendant, including any delay resulting from any proceeding relating to the transfer of a case or defendant's removal from one district to another under the Federal Rules of Criminal Procedure. See id. § 3161(h)(1)(G).

As noted above, the warrant was returned, and Martinez-Perez first appeared before a magistrate judge in Oklahoma, on April 16, 1992. Additionally, pursuant to Fed.

---

[7]Martinez-Perez also contends that the Sixth Amendment was violated. However, under any view of the facts, the time lapse until trial does not rise to the level of a Sixth Amendment violation. See United States v. Gomez, 67 F.3d 1515, 1521 (10th Cir. 1995), cert. denied, 116 S. Ct. 737 (1996).

[8]Although any claimed violation of the Speedy Trial Act is waived if not brought prior to trial, 18 U.S.C. § 3162; Gomez, 67 F.3d at 1519, because of the ineffectiveness of counsel claim, we address the merits.

R. Crim. P. 40(c), the magistrate judge in Texas transmitted the papers relating to Martinez-Perez's removal proceedings, and the district court in Oklahoma docketed those papers on April 20, 1992. Thus, under any view of the permissible exclusions, the May 7 superseding indictment was timely. See United States v. Edgecomb, 910 F.2d 1309, 1315 (6th Cir. 1990) (excluding period between defendant's arrest in Florida and his initial appearance in Ohio under § 3161(h)(1)(G)); cf. United States v. Wilson, 720 F.2d 608, 610 (9th Cir. 1983), cert. denied, 465 U.S. 1034 (1984) (excluding period from grant of transfer in another district until papers received in Alaska).

Furthermore, as the government points out, Martinez-Perez's codefendants made numerous pretrial motions consuming time that is properly excluded from calculations respecting Martinez-Perez's seventy day period. United States v. Gutierrez, 48 F.3d 1134, 1136 (10th Cir.), cert. denied, 115 S. Ct. 2598 (1995). Under any view of those excludable periods, the seventy day limitation was clearly satisfied in this case, as the district court properly found.

As his third claim, Martinez-Perez contends that his constitutional rights were violated because he was not present during voir dire. This contention is contradicted by the docket entry which lists all defendants appearing with counsel, see District Court Criminal Docket #91-220-T, at 8-10-92, and by his counsel's affidavit on the point. See Affidavit of Martinez-Perez's counsel, R. Vol. 10, Doc. 839, Ex. C. Accordingly, the district court was entitled to rely on the record, and it did not err in rejecting, as

incredible, Martinez-Perez's unsupported statement that, unaccountably, he was not in court even though everyone else was.

Inasmuch as none of Martinez-Perez's claims have merit, his claim that he received ineffective assistance of counsel, based on counsel's failure to bring these claims at trial or on appeal, also fails. <u>Cook</u>, 45 F.3d at 393. Finally, Martinez-Perez has alleged no facts which would entitle him to relief. Therefore, the district court did not abuse its discretion in denying him an evidentiary hearing. <u>See</u> <u>United States v. Davis</u>, 60 F.3d 1479, 1483 (10th Cir. 1995); <u>United States v. Barboa</u>, 777 F.2d 1420, 1422 (10th Cir. 1985).

AFFIRMED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge