**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Randy Todd WILSON, Defendant–
Appellant.**

No. 03–6225.

United States Court of Appeals,
Tenth Circuit.

April 27, 2004.

William L. Borden, Jr., Office of the United States Attorney, Oklahoma City, OK, for Plaintiff–Appellee.

Susan M. Otto, Fed. Public Defender, Teresa K. Brown, Asst. F.P. Defender, Office of the Federal Public Defender, Oklahoma City, OK, for Defendant–Appellant.

Before TACHA, Chief Circuit Judge, and PORFILIO and BRORBY, Senior Circuit Judges.

## ORDER AND JUDGMENT*

WADE BRORBY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Randy Todd Wilson pled guilty to being a felon in possession of a firearm pursuant to 18 U.S.C. § 922(g)(1). He now appeals his 188–month sentence, contending the district court erred by: 1) enhancing his sentencing under the Armed Career Criminal Act, 18 U.S.C. § 924(e) and United States Sentencing Guideline § 4B1.4(a), and 2) applying an additional one-level offense enhancement for possession of the firearm in connection with a crime of violence under United States Sentencing Guideline § 4B1.4(b)(3)(A). We exercise jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and affirm the district court's sentence.

## I. Background

On March 15, 2003, Oklahoma City police officers responded to a reported disturbance at Mr. Wilson's ex-wife's home. When police officers arrived, her boyfriend, David Hanson, told them Mr. Wilson pointed a firearm at him and then fled. Mr. Hanson described the firearm as a small chrome and black semi-automatic handgun. A police officer also conducted a telephone interview of Rodnie Lynn

* This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Morse, who witnessed the event; she stated Mr. Wilson pointed a handgun at Mr. Hanson's head before leaving.

Two days later, officers went to Mr. Wilson's listed residence, where he directed them to a floor safe, containing a Smith & Wesson .40 caliber chrome and black semiautomatic pistol loaded with several rounds of ammunition. Mr. Wilson was arrested and charged with being a felon in possession of a firearm pursuant to 18 U.S.C. § 922(g)(1). During a subsequent interview, Mr. Wilson admitted he talked his girlfriend into purchasing the gun a couple of months before. He also admitted getting into an altercation with Mr. Hanson, and telling Mr. Hanson he had a gun he would use unless he stopped messing with him. However, he denied having the gun with him during the altercation. A few months later, Mr. Wilson pled guilty to being a felon in possession of a firearm.

## II. Presentence Report and Objections Thereto

A probation officer prepared a presentence report, noting Mr. Wilson had three prior Oklahoma state convictions for burglary in the second degree, thereby constituting three prior convictions for violent felonies and making him eligible for a sentence enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1) and (2), and U.S.S.G. § 4B1.4(a). The probation officer noted that under 18 U.S.C. § 924(e)(1), the minimum term of imprisonment for someone like Mr. Wilson, who violated § 922(g)(1) and also has three prior violent felony convictions, is fifteen years with a maximum term of life. Next, in applying the Sentencing Guidelines, the probation officer increased Mr. Wilson's offense level by one level under U.S.S.G. § 4B1.4(b)(3)(A) because Mr. Wilson used the firearm in connection with a crime of violence when he pointed the gun at Mr.

Hanson. Applying various other sentencing factors, the probation officer calculated Mr. Wilson's total offense level at 31 and his criminal history category at VI, for a final guideline range of 188 to 235 months imprisonment.

Through counsel, Mr. Wilson objected to the presentencing report—both to his characterization as an armed career criminal and to the enhancement for use of the firearm in connection with a crime of violence. In so doing, he explained his three prior convictions for burglary were actually juvenile convictions because he committed them at the age of seventeen, even though he was eighteen at the time of his arrest. He also claimed no evidence showed he used or carried a firearm, knife or destructive device in committing those crimes, as required by 18 U.S.C. § 924(e)(2)(B).

Next, his counsel objected to the enhancement for use of a firearm in connection with a crime of violence, stating:

> Counsel is unaware of any alleged facts in support of this allegation. No state charges have been filed based on any other alleged criminal conduct. Counsel requests to review any documents or evidence relied upon by the probation officer in support of this increase.

## III. Sentencing Hearing

At the sentencing hearing, counsel for Mr. Wilson raised the same two objections raised in response to the presentencing report. With respect to the enhancement for use of a firearm in connection with a crime of violence, the sentencing judge asked Mr. Wilson's counsel if the objection to the enhancement was factual and whether Mr. Wilson denied pointing the gun at Mr. Hanson, to which she responded, "Your Honor, our position is that the burden of proof is on the Government to prove that."

Thereafter, the government called an agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives, who testified she reviewed, as part of her investigation, the police report containing the witness statements of Ms. Morse and Mr. Hanson, who each stated Mr. Wilson pointed a gun at Mr. Hanson. The government then introduced and the court received the police report into evidence. Counsel for Mr. Wilson did not object to its admission, recognizing such hearsay evidence is admissible at a sentencing hearing.

During cross-examination, the federal agent admitted she did not personally take the statements of the two witnesses in question and contained in the police report. While she testified the incident in question involved a dispute about child visitation, she acknowledged, through questioning, that she was unaware of a long-existing conflict between Mr. Wilson and Mr. Hanson either because his ex-wife had a child with Mr. Hanson during Mr. Wilson's previous incarceration, or because his sister was once married to Mr. Hanson. The agent also admitted she was unaware the other witness, Ms. Morse, is Mr. Wilson's ex-sister-in-law. Finally, in response to defense counsel's question, the agent testified she did not hear any reports Mr. Wilson's ex-wife previously made threats she would ensure Mr. Wilson went back to prison.

Based on this cross-examination and without introducing any evidence, defense counsel argued the government did not meet its burden of proof because the credibility of the two eye witnesses was suspect based on the domestic situation involved and the government's failure to call them to testify. The government disagreed, relying on the testimony offered and the police report received into evidence.

In determining Mr. Wilson's sentence, the district court found the State of Okla-homa adjudicated Mr. Wilson as an adult on the three burglary convictions, making him eligible for an enhancement under § 924(e)(1) and (2)(B) of the Armed Career Criminal Act. With respect to an additional enhancement for use of the firearm during a crime of violence, the district court found, by a preponderance of "credible" and "uncontradicted" hearsay evidence submitted at the sentencing hearing, that Mr. Wilson went to his ex-wife's abode and pointed the gun at Mr. Hanson. The district court further explained that, pursuant to the applicable law, the enhancement could be applied even though Mr. Wilson was never charged or convicted for the offense. Despite Mr. Wilson's "breathtakingly long record of serious criminal conduct," the district court noted it would apply the bottom of the sentencing range of 188 to 235 months and sentenced Mr. Wilson to 188 months imprisonment.

## IV. Discussion

On appeal, Mr. Wilson raises the same two objections, contesting the convictions supporting the armed career criminal enhancement and the additional enhancement for use of a firearm during a crime of violence.

### A. Prior Convictions and Armed Career Criminal Determination

We first consider whether the district court erred in enhancing Mr. Wilson's sentence, under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1) and (2)(B), based on his three prior convictions for burglary. Mr. Wilson renews his contention that his prior convictions are juvenile convictions because he committed them at the age of seventeen, and that no evidence establishes he committed the burglaries while using or carrying of a firearm, knife or destructive device, as required by 18 U.S.C. § 924(e)(2)(B).

"We review *de novo* sentence enhancements imposed under the Armed Career Criminal Act." *United States v. Concha*, 233 F.3d 1249, 1253 (10th Cir.2000). Section § 924(e) provides for a minimum sentence of fifteen years for a person convicted under § 922(g), of being a felon in possession of a firearm, who has three previous convictions for a violent felony. *See* 18 U.S.C. §§ 922(g)(1), and 924(e)(1) and (2)(B); U.S.S.G. § 4B1.4(a). The Act defines the term "violent felony" as either: 1) a "crime punishable by imprisonment for a term exceeding one year," or 2) "any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult." 18 U.S.C. § 924(e)(2)(B). Because these two clauses are disjunctive, an individual meeting one of the requirements, need not meet the other to qualify as an armed career criminal. *See United States v. Cure*, 996 F.2d 1136, 1139–40 (11th Cir.1993); *United States v. Lender*, 985 F.2d 151, 155–56 (4th Cir.1993). Like other circuits, this court has determined that Congress, in passing the Armed Career Criminal Act, intended to defer to state law for the purpose of determining whether an individual is considered a juvenile for the state conviction at issue. *See United States v. McKissick*, 204 F.3d 1282, 1301 (10th Cir.2000); *Lender*, 985 F.2d at 156–57 & n. *.

In this case, Mr. Wilson received his three 1994 convictions for burglary of three separate dwellings. "Burglary" is clearly considered a violent felony under the Armed Career Criminal Act.[1] 18 U.S.C. § 924(e)(2)(B)(ii). In all three convictions, the Oklahoma court certified Mr. Wilson to stand trial as an adult, after which he was convicted and sentenced to five years imprisonment on each charge, to run concurrently. Accordingly, the district court determined the Oklahoma court prosecuted Mr. Wilson as an adult in all three burglary convictions and the crimes were punishable by imprisonment for a term exceeding one year, which made Mr. Wilson eligible for an enhancement as an armed career criminal. The fact he did not use or carry a gun in those burglaries is irrelevant because the state did not prosecute him as a juvenile, and therefore, the second part of 18 U.S.C. § 924(e)(2)(B) does not apply. *See Lender*, 985 F.2d at 156.

While Mr. Wilson lodged an objection to the presentencing report concerning his certification and conviction as an adult, he failed to offer any evidence specifically controverting the fact that the State of Oklahoma tried him as an adult. Therefore, based on the circumstances presented, the district court did not err in enhancing Mr. Wilson's sentence under the

---

1. The Supreme Court has "defined burglary as an 'unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime.' " *United States v. Hill*, 53 F.3d 1151, 1153 (10th Cir.1995) (quoting *Taylor v. United States*, 495 U.S. 575, 599, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990)). However, the Oklahoma's burglary statute for which Mr. Wilson was convicted defines burglary more broadly than the Supreme Court, by including, for example, the forcible entry into any coin-operated or vending machine. *See* Okla. Stat. Ann. tit 21, § 1435 (1994). Nevertheless, neither party contends an issue exists as to whether the burglaries for which Mr. Wilson received his 1994 convictions meet the necessary elements defined by the Supreme Court, as was the issue in *Hill*, 53 F.3d at 1153–54 and *United States v. Barney*, 955 F.2d 635, 638–40 (10th Cir.1992). In other words, Mr. Wilson does not contest the fact his burglary convictions were for unlawful entry into a dwelling, or that they meet the elements within the Supreme Court's definition of unlawful entry into a building or structure. Accordingly, we will not address this issue on appeal.

Armed Career Criminal Act for his prior burglary convictions.

### B. Enhancement for Use of a Firearm During a Crime of Violence

■ We next consider whether the district court erred in applying an additional enhancement for possession of the firearm in connection with a crime of violence under U.S.S.G. § 4B1.4(b)(3)(A). Mr. Wilson contends the government failed to establish, by a preponderance of the evidence, he actually pointed the gun at Mr. Hansen. In support, he points out that neither the witnesses to the incident, nor the police officer who interviewed them, testified and therefore, the district court could not judge the credibility of those witnesses nor receive the benefit of the police officer's opinion on their credibility. He further suggests the domestic dispute over child visitation casts suspicion on the witnesses' motivation. "[A]side from the police report," Mr. Wilson suggests no evidence supports the enhancement, and contends he sufficiently contradicted the witness statements contained therein when he told police officers he did not point the gun at anyone.

The government counters Mr. Wilson's contentions, stating it presented sufficient evidence to support the district court's findings, including the testimony of the federal agent and the police report containing the interviews of Ms. Morse and Mr. Hanson. The government further argues Mr. Wilson cannot contest the district court's findings because his counsel failed to specifically object to the factual paragraphs in the presentencing report or submit evidence contesting the factual statements contained therein.

"When reviewing an application of the Sentencing Guidelines, we review the district court's factual findings for clear error and questions of law *de novo*." *United*

*States v. Hurlich*, 293 F.3d 1223, 1227 (10th Cir.2002). This court "will not disturb a factual finding of the district court unless the court's finding was without factual support in the record, or if after reviewing all the evidence we are left with the definite and firm conviction that a mistake has been made." *United States v. Easterling*, 921 F.2d 1073, 1077 (10th Cir. 1990) (quotation marks and citation omitted).

Pursuant to statute and to the Federal Rules of Criminal Procedure, a probation officer is required to conduct a presentence investigation and report the results to the district court, after which the parties are permitted to object. *See United States v. Virgen–Chavarin*, 350 F.3d 1122, 1132 (10th Cir.2003) (relying on 18 U.S.C. § 3552(a); Fed.R.Crim.P. 32). "For factual matters, the initial burden of proof is on the government; however, 'the burden of alleging factual inaccuracies of the presentence report is on the defendant.'" *United States v. Windle*, 74 F.3d 997, 1001 (10th Cir.1996) (quoting *United States v. Deninno*, 29 F.3d 572, 580 (10th Cir.1994)). To successfully carry the burden of alleging factual inaccuracies, the defendant must assert contradictory facts challenging the accuracy of the presentencing report. *See United States v. Archer*, 70 F.3d 1149, 1151 (10th Cir.1995). "Failure to object to a fact in a presentence report, or failure to object at the hearing, acts as an admission of fact." *Windle*, 74 F.3d at 1001 (quotation marks and citation omitted). However, a sentencing court has discretion for good cause shown, to entertain a new objection at any time before sentencing. *See United States v. Archuleta*, 128 F.3d 1446, 1452 n. 12 (10th Cir.1997) (relying on Fed. R.Crim.P. 32(b)(6)(D)).

In applying these standards, we note Mr. Wilson did not sufficiently nor timely raise an objection to the facts in the pre-

sentencing report establishing he pointed his gun at Mr. Hansen. In his written objections, he did not identify the facts he objected to, but generally stated, "[c]ounsel is unaware of any alleged facts in support of this allegation. No state charges have been filed based on any other alleged criminal conduct." Similarly, at the sentencing hearing and after the time for formal objections lapsed, Mr. Wilson only generally raised a factual objection when his counsel responded to the court's question whether Mr. Wilson denied pointing the gun at Mr. Hanson, and said "Your Honor, our position is that the burden of proof is on the Government to prove that." Hence, the nonspecific form of Mr. Wilson's objections support the government's contentions he failed to properly object to the factual paragraphs in the presentencing report.

Nevertheless, even if we assume Mr. Wilson adequately and timely raised his factual objection or that the district court considered his objection at the sentencing hearing for good cause shown, the government clearly met its burden of proving, by a preponderance of the evidence, facts necessary for sentence enhancement under U.S.S.G. § 4B1.4(b)(3)(A). Our conclusion is premised on the police report entered into evidence and Mr. Hanson's statement contained therein.

In admitting and relying on the witness statements in the police report, the district court clearly recognized the rules of evidence do not apply to sentencing hearings, and the sentencing court is free to consider hearsay that bears "some minimal indicia of reliability." *United States v. Browning,* 61 F.3d 752, 755 (10th Cir.1995) (relying on Fed.R.Evid. 1101(d)(3) and U.S.S.G. § 6A1.3(a)). We nevertheless agree with Mr. Wilson that the police officer conducting the telephone interview of Ms. Morse could not observe her demean-

or to form an opinion as to the veracity of her statements, and therefore, her statement arguably lacks a minimal indicia of reliability. *See United States v. Fennell,* 65 F.3d 812, 813 (10th Cir.1995).

In contrast, Mr. Hanson was interviewed in person immediately after the altercation, and the police officer conducting the interview had an opportunity to observe his demeanor and form an opinion as to the veracity of his statements. *See United States v. Farnsworth,* 92 F.3d 1001, 1010 (10th Cir.1996). Moreover, as the government points out, the reliability of Mr. Hanson's statements is supported by the fact that his description of the gun Mr. Wilson pointed at him matched the characteristics of the gun found in Mr. Wilson's possession and to which he pled guilty to possessing. As in this case, hearsay evidence may be sufficiently reliable if corroborated by facts admitted by a defendant in pleading guilty. *See United States v. Roach,* 978 F.2d 573, 576 (10th Cir.1992). While neither Mr. Hanson nor the police officer testified, the district court could nevertheless rely on what it reasonably deemed to be reliable hearsay evidence in the police report.

In addition, Mr. Wilson did not present any evidence at the sentencing hearing to show Mr. Hansen's contemporaneous statements to the police officer were unreliable. Instead, Mr. Wilson, through counsel and during cross-examination at the sentencing hearing, merely made speculative accusations that Mr. Hanson's statements were motivated by a longstanding, domestic conflict. Finally, Mr. Wilson's self-serving statement to police that he did not have the gun with him during the altercation with Mr. Hanson is unsupported by any other evidence, and is suspect given Mr. Hanson's accurate description of the gun Mr. Wilson pointed at him and Mr. Wilson's own admissions that he purchased

and possessed the gun, got into an altercation with Mr. Hanson, and told him he had a gun he would use unless he stopped messing with him. Thus, in light of the evidence presented, we find the district court did not err in discrediting Mr. Wilson's self-serving statement and, instead, relying on Mr. Hanson's statement Mr. Wilson pointed his gun at him.

■ Having addressed the factual dispute involved, we next address Mr. Wilson's argument his sentence cannot be enhanced for use of a firearm in commission of a crime of violence if he did not receive a charge or conviction for pointing the gun at Mr. Hanson. We review Mr. Wilson's objection *de novo* as a question of law. *Hurlich*, 293 F.3d at 1227.

The relevant language of § 4B1.4 requires enhancement of a sentence "if the defendant used or possessed the firearm ... in connection with ... a crime of violence." U.S.S.G. § 4B1.4(b)(3)(A). In discussing this guideline, the district court aptly noted, "[t]here is no requirement that the defendant have been charged or much less convicted for [the] offense in order for the Court to apply the enhancement." Likewise, other circuit courts faced with the same issue and interpretation of § 4B1.4(b)(3)(A) have determined a defendant does not need to be charged with nor convicted of an offense, so long as the government proves by a preponderance of the evidence that the unlawful conduct occurred. *See United States v. Mellerson*, 145 F.3d 1255, 1257–58 (11th Cir.1998); *United States v. Pluta*, 144 F.3d 968, 977 (6th Cir.), *cert. denied*, 525 U.S. 916, 119 S.Ct. 266, 142 L.Ed.2d 218 (1998).

Because the district court found a preponderance of the evidence established Mr. Wilson pointed the firearm at Mr. Hanson, it is irrelevant whether Mr. Wilson was actually charged or convicted for his conduct in order for the district court to apply the U.S.S.G. § 4B1.4(b)(3)(A) enhancement. *Id.* Accordingly, we reject Mr. Wilson's legal argument on appeal and conclude the district court properly applied the enhancement.

## V. Conclusion

For the reasons provided herein, the sentence of the district court is **AFFIRMED**.