**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

RANDY TODD WILSON,

      Defendant-Appellant.

No. 03-6225
(W.D. Okla.)
(D.Ct. No. 03-CR-80-F)

**ORDER ON REMAND FROM THE SUPREME COURT**
**OF THE UNITED STATES**

Before **TACHA**, Chief Circuit Judge, and **PORFILIO** and **BRORBY**, Senior
Circuit Judges.

Appellant Randy Todd Wilson pled guilty to being a felon in possession of

a firearm pursuant to 18 U.S.C. § 922(g)(1). *See United States v. Wilson,* 95 Fed.

Appx. 970, 971 (10th Cir. Apr. 27, 2004) (unpublished op.) (*Wilson I*), *vacated*

*and remanded,* 125 S. Ct. 1029 (2005) (*Wilson II*). The district court sentenced

him to 188 months imprisonment after determining three prior burglary

convictions supported an Armed Career Criminal Act enhancement under both 18

U.S.C. § 924(e) and United States Sentencing Commission, *Guidelines Manual*

(U.S.S.G.) § 4B1.4(a), and finding Mr. Wilson's use of a firearm during a crime

of violence sufficient to warrant an additional one-level enhancement under § 4B1.4(b)(3)(A). *Wilson I* at 971, 973.

Mr. Wilson appealed his sentence, contesting the convictions supporting the Armed Career Criminal Act enhancement and the additional enhancement for use of a firearm during a crime of violence. *Id.* On April 27, 2004, we affirmed his conviction and sentence. *Id.* at 971, 977. Thereafter, Mr. Wilson appealed to the United States Supreme Court. During the pendency of his appeal, the Supreme Court decided *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004). On July 26, 2004, in apparently another writ of certiorari submitted to the Supreme Court, Mr. Wilson again raised his objection to the enhancement for use of the firearm during a crime of violence to the Supreme Court, "this time invoking *Blakely,* and violation of his Fifth and Sixth Amendment rights." Following the issuance of *Blakely*, and during the pendency of Mr. Wilson's appeal, the Supreme Court decided *United States v. Booker*, 543 U.S. ____, 125 S. Ct. 738 (2005), and thereafter summarily vacated and remanded our decision in Mr. Wilson's case for further consideration in light of *Booker*. *See Wilson II*, 125 S. Ct. at 1029. At our direction, the parties filed supplemental briefs on the applicability of *Booker* and whether Mr. Wilson raised a *Booker*-type objection before the district court for the purpose of reviewing his appeal on remand for

either harmless or plain error. On remand, Mr. Wilson appeals only the enhancement for use of a firearm during a crime of violence, and not the Armed Career Criminal Act enhancement which was based on his prior convictions. Thus, we do not address the latter, noting only that under *United States v. Moore*, 401 F.3d 1220 (10th Cir. 2005), the government is not required to charge in an indictment or prove to a jury either: 1) the existence of prior convictions; or 2) their classification as "violent felonies." *Id.* at 1221, 1224-25 & n.2. As to the enhancement which Mr. Wilson now raises in this appeal as well as an issue he raises with respect to the mandatory application of the Sentencing Guidelines, we reinstate our previous Order and Judgment and affirm for the following reasons.

## I. Factual Background

We first briefly recite those facts relevant for the purpose of disposing of the *Booker* issues now raised on appeal. On March 15, 2003, Oklahoma City police officers responded to a reported disturbance at Mr. Wilson's ex-wife's home. *Wilson I*, 95 Fed. Appx. at 971. Her boyfriend, David Hanson, told the officers Mr. Wilson pointed a firearm at him and then fled. *Id.* He described the firearm as a small chrome and black semi-automatic handgun. *Id.* Two days later, officers went to Mr. Wilson's listed residence, where he directed them to a floor safe containing a Smith & Wesson .40 caliber chrome and black semi-

automatic pistol loaded with several rounds of ammunition. *Id.* at 972. Mr. Wilson was arrested and charged with being a felon in possession of a firearm pursuant to 18 U.S.C. § 922(g). *Id.* During a subsequent police interview, Mr. Wilson admitted he got into an altercation with Mr. Hanson and told Mr. Hanson he had a gun he would use unless he stopped messing with him. *Id.* However, he denied having the gun with him during the altercation. *Id.*

After Mr. Wilson pled guilty to being a felon in possession of a firearm pursuant to 18 U.S.C. § 922(g)(1), the probation officer prepared a presentence report recommending a one-level enhancement under U.S.S.G. § 4B1.4(b)(3)(A) because he possessed the firearm in connection with a crime of violence when he threatened Mr. Hanson with the gun. *Id.* Applying various other sentencing factors, the probation officer calculated Mr. Wilson's total offense level at 31 and his criminal history category at VI, for a final Guidelines range of 188 to 235 months imprisonment. *Id.* Through counsel, Mr. Wilson generally objected to the enhancement but did not state any specific objections or object to any of the facts in the presentence report which supported the enhancement, other than to state that "[c]ounsel is unaware of any alleged facts in support of this allegation." *Id.* At sentencing, counsel for Mr. Wilson again generally objected to the enhancement, but when asked if the objection was factual and whether Mr.

Wilson denied pointing the gun at Mr. Hanson, counsel responded that "the burden of proof is on the Government to prove that." *Id.* Through witness testimony, the government offered into the record Mr. Hanson's statement Mr. Wilson pointed the gun at him, to which Mr. Wilson's counsel did not object, stating she believed it was admissible hearsay evidence. *Id.* at 971, 973.

Based on this and other evidence,[1] the district court found the one-level enhancement applied. *Id.* at 973. The district court then applied the bottom of the sentencing range, for a sentence of 188 months imprisonment. *Id.* In discussing the § 4B1.4(b)(3)(A) enhancement at issue here, the district court stated:

> The Court has no trouble concluding that this is a case, again, given the defendant's breathtakingly long record of serious criminal conduct, the Court has no trouble concluding that this case falls squarely with the intent of the provisions which provide for a very substantial enhancement of the term of incarceration in cases like this one, with individuals who have a record like the defendant's record.
> ....
> There are no matters with respect to departure pending before the Court and the Court does not intend to depart on its own motion.

In imposing the sentence, the district court stated it sentenced Mr. Wilson:

------

[1] As explained in our prior opinion, we did not consider the other evidence the district court considered, which consisted of a police telephone interview and statement of another witness who was at the scene of the incident and stated Mr. Wilson pointed the gun at Mr. Hanson's head. *See Wilson I*, 95 Fed. Appx. at 976.

at the bottom of the guideline range for the reason that it is the Court's conclusion that even though enhancement is certainly well-justified in this case, the enhancement and the resulting offense level of 31, 188 months is a sufficient term of incarceration to serve the statutory purposes of sentencing.

On initial appeal we determined, in part, that the reliability of Mr. Hanson's statement Mr. Wilson pointed a gun at him was supported by the fact his description of the gun matched the characteristics of the gun actually found in Mr. Wilson's possession only two days later. *Id.* at 972, 976-77. After determining the district court did not err in applying the § 4B1.4(b)(3)(A) enhancement, we affirmed Mr. Wilson's conviction and sentence. *Id.* at 977.

## II. Discussion

On remand, Mr. Wilson appeals the § 4B1.4(b)(3)(A) enhancement for use of a firearm during a crime of violence, asserting the intervening decisions in *Blakely* and *Booker* require the facts supporting the enhancement to be found by a jury and not a judge. While the government agrees the district court committed an error in making a factual determination in support of the enhancement, it argues the error must be reviewed for plain error, rather than harmless error, given Mr. Wilson only raised a nonspecific factual objection to the enhancement before the district court and not a *Booker*-type constitutional objection.

As the government admits, Mr. Wilson presents a Sixth Amendment constitutional error based on judicially-found facts because the district court, rather than a jury, found the facts supporting the § 4B1.4(b)(3)(A) enhancement for use of a firearm during a crime of violence. *See United States v. Gonzalez-Huerta*, 403 F.3d 727, 731 (10th Cir. 2005). However, because Mr. Wilson only generally challenged the enhancement before the district court, and did not challenge his enhancement on *Booker*-type constitutional grounds, we review it for plain error. *See United States v. Ambort*, 405 F.3d 1109, 1118 (10th Cir. 2005).

"Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Gonzalez-Huerta*, 403 F.3d at 732. Applying *Booker*, the first two factors in our plain error analysis are easily resolved because the district court clearly committed an error when it determined the facts supporting the enhancement, and the error is plain. *Id.*

In determining the third factor on whether the error affected substantial rights, the burden is on Mr. Wilson to show the error is prejudicial, *i.e.*, the error "'must have affected the outcome of the district court proceedings.'" *Ambort*,

405 F.3d at 1118 (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)). In meeting this burden, he must show "'a reasonable probability that, but for the error claimed, the result of the proceeding would have been different.'" *Id.* (quotation marks and citations omitted).

This circuit has announced at least two ways a defendant can meet this burden, by either: 1) showing a reasonable probability a jury applying a reasonable doubt standard would not have found the same material facts a judge found by a preponderance of the evidence; or 2) demonstrating a reasonable probability that, under the specific facts of the case as analyzed under the sentencing factors in 18 U.S.C. § 3553(a), the district court would reasonably impose a sentence outside the Guidelines range. *See United States v. Dazey*, 403 F.3d 1147, 1175 (10th Cir. 2005). Under the first scenario, the court reviews "the evidence submitted at the sentencing hearing and the factual basis for any objection" by the defendant. *Id.*

In this case, Mr. Wilson fails to meet his burden under either scenario. With respect to the first scenario, the government submitted the statement of Mr. Hanson, to which Mr. Wilson did not object, establishing Mr. Wilson used the gun during a crime of violence when he pointed it at him. While Mr. Wilson told

police officers he did not have the gun with him at the time of the altercation, thereafter, he did not raise this contention before the district court or otherwise offer contrary evidence, other than to state "[c]ounsel is unaware of any alleged facts in support of this allegation" and that "the burden of proof is on the Government to prove that." *Wilson I*, 95 Fed. Appx. at 972. Based on the evidence submitted by the government and lack of any rebuttal evidence during the district court proceeding, Mr. Wilson fails to show a reasonable probability a jury evaluating the same evidence under a reasonable doubt standard would not have found the same material facts as found by the district court.[2] Accordingly,

_____

[2] As previously noted, Mr. Wilson's counsel did not object to the government's submission of Mr. Hanson's statement into evidence at the sentencing hearing, stating she believed it was admissible hearsay evidence. *See Wilson I*, 95 Fed. Appx. at 973. On remand, Mr. Wilson asserts in the post-*Booker* era the introduction of the police report containing Mr. Hanson's statement would be inadmissible hearsay for consideration by a jury for the purpose of imposing an enhancement and, furthermore, that he did not have an opportunity to confront and cross-examine Mr. Hanson at the sentencing hearing. Following *Booker*, we have acknowledged sentencing courts may consider hearsay evidence if it has sufficient indicia of reliability, while juries may not consider this type of evidence. *Dazey*, 403 F.3d at 1177 n.7. We have also determined the use of hearsay evidence itself does not violate a defendant's substantial rights, so that a defendant still has the burden to show the Sixth Amendment error affected his substantial rights. *Id.* Having recognized the district court in this case erred in making the factual determinations for the enhancement, it is Mr. Wilson's burden to show the error is prejudicial, *i.e.*, the error "must have affected the outcome of the district court proceedings," and there is "a reasonable probability that, but for the error claimed, the result of the proceeding would have been different." *Ambort*, 405 F.3d at 1118 (quotation marks and citations omitted). Mr. Wilson has failed to explain how the result would differ if the jury had

(continued...)

he fails under the first scenario to establish his substantial rights were violated by the district court's enhancement of his offense level.

With respect to the second scenario, we determine whether Mr. Wilson has demonstrated a reasonable probability that, under the specific facts of his case as analyzed under the sentencing factors in 18 U.S.C. § 3553(a), the district court would reasonably impose a sentence outside the Guidelines range. *See Dazey*, 403 F.3d at 1175 & n.5. In so doing, we recognize the Supreme Court in *Booker* held the Guidelines are now only advisory. 543 U.S. at ___, 125 S. Ct. at 768-69. Thus, we determine whether there is a "'reasonable probability that if the district judge had not thought himself bound by the mandatory Guidelines to sentence in accordance with ... judge-found, preponderance-of-the-evidence facts,'" he might have determined a lower sentence should be imposed. *See Ambort*, 405 F.3d at 1120 (quoting *Dazey,* 403 F.3d at 1177). In *Dazey*, we explained a defendant might make such a showing "if during sentencing the district court expressed its

---

[2](...continued)
reviewed the same evidence as the district court or if Mr. Hanson testified and Mr. Wilson was afforded an opportunity to confront and cross-examine him with respect to his incriminating statements. His cursory argument "the defects in his sentencing altered the result of the proceeding" and that "[a] jury would not have found Mr. Wilson guilty beyond a reasonable doubt of possessing a firearm in connection with a violent offense based on a police report," without more, is inadequate to meet his burden.

view that the defendant's conduct, based on the record, did not warrant the minimum Guidelines sentence." 403 F.3d at 1175.

In this case, nothing in the record indicates the district court would not impose the contested enhancement under an advisory, rather than a mandatory, sentencing scheme or that it preferred to give Mr. Wilson a sentence lower than within the Guidelines range. Instead, it explained it sentenced Mr. Wilson at the bottom of the Guidelines range "for the reason that it is the Court's conclusion that even though enhancement is certainly well-justified in this case, with the enhancement and the resulting offense level of 31, 188 months is a sufficient term of incarceration to serve the statutory purposes of sentencing." The district court also opined it had no trouble concluding Mr. Wilson's case fell squarely within "the intent of the provisions which provide for a very substantial enhancement," given his "breathtakingly long record of serious criminal conduct." Finally, the district court concluded it would not depart on its own motion. We consider a district court's refusal to grant a discretionary downward departure a further indication of its satisfaction with a defendant's sentence. *See United States v. Lawrence*, 405 F.3d 888, 908 (10th Cir.), *petition for cert. filed*, (Aug. 30, 2005) (No. 05-6306). Under these circumstances, Mr. Wilson has failed to establish a reasonable probability the district court would have imposed a lower sentence if it

had not been under pre-*Booker* mandatory constraints.  Because Mr. Wilson fails

to meet his burden with respect to the third prong, it is unnecessary for us to

address the last prong, given all four prongs must be met for successful plain

error resolution.


III.  Conclusion

For the reasons set forth above, we **REINSTATE** our previous Order and

Judgment and **AFFIRM** Mr. Wilson's sentence.


**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge