**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 2, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILLIAM EUGENE ROCKEY,

Defendant - Appellant.

No. 05-7006

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**
**(D. Ct. No. 04-CR-86-W)**

---

Janice W. Purcell, Tahlequah, Oklahoma, appearing for Appellant.

Paul G. Hess, Assistant United States Attorney (Sheldon J. Sperling, United States Attorney, with him on the brief), Office of the United States Attorney for the Eastern District of Oklahoma, Muskogee, Oklahoma, appearing for Appellee.

---

Before **TACHA**, Chief Circuit Judge, **HOLLOWAY**, and **HARTZ**, Circuit Judges.

---

**TACHA**, Chief Circuit Judge.

---

Following a jury trial, Defendant-Appellant William Eugene Rockey was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1), possessing a firearm in furtherance of a drug trafficking crime in

violation of 18 U.S.C. § 924(c)(1)(A), and possessing a listed chemical knowing or having reason to believe it would be used to manufacture a controlled substance in violation of 21 U.S.C. § 841(c)(2). The District Court sentenced him to a total of 322 months' imprisonment. Mr. Rockey now appeals both his conviction for possessing a firearm during the commission of a drug trafficking crime as well as his sentence. We take jurisdiction under 28 U.S.C. § 1291 and AFFIRM.

## I. BACKGROUND

On June 5, 2004, Officer Eric Holcomb with the Allen, Oklahoma Police Department received a report that the driver of a red pick-up truck, headed east on Highway 1, was driving recklessly and had run another car off the road. After locating the truck, Officer Holcomb followed it and turned on his lights and sirens. The truck pulled over, and Officer Holcomb exited his patrol car and approached. As he did so, however, the truck drove away. Officer Holcomb recognized the driver as Mr. Rockey. Officer Holcomb then got back into his patrol car and pursued Mr. Rockey. A chase ensued over residential streets and dirt roads at speeds up to eighty miles per hour.

At one point, Mr. Rockey slowed down enough so that Officer Holcomb could pull up next to the truck. Officer Holcomb testified that as he did so, Mr. Rockey pointed a large caliber handgun out the driver's side window and fired two shots. Officer Holcomb called for back-up and continued to follow Mr. Rockey. The pursuit ended at a dead-end in the road. As the truck slowed, Mr. Rockey got out and ran through a gate at the dead-

end.  Officer Holcomb followed and called after him to stop.  He testified that Mr. Rockey turned and aimed his gun at him, so Officer Holcomb drew his own weapon and fired three shots at Mr. Rockey.  Apparently uninjured, Mr. Rockey fled into the nearby woods.

Other police officers arrived at the scene and set up a perimeter to prevent Mr. Rockey's escape.  An ensuing five-hour search was not fruitful.  Indeed, Mr. Rockey eluded the police for two days until he was found on the wooded ground, covered in a blanket.  A small black bag containing a loaded Ruger Super Blackhawk .44 Magnum affixed with a scope, as well as lithium batteries, a syringe, a bottle of iodine, and plastic baggie containing ephedrine, was found nearby.

Mr. Rockey was charged in a three-count indictment for being a felon in possession of a firearm, possessing a firearm in furtherance of a drug trafficking crime, and possessing ephedrine knowing or having reason to believe it would be used to manufacture methamphetamine.  Mr. Rockey was convicted by a jury on all counts.  The District Court sentenced him to 262 months' imprisonment on the first count, to run concurrently with a 240-month sentence on the third count.  The court also imposed 60 months' imprisonment on the second count, to run consecutively with the other two terms of imprisonment.  This resulted in a total sentence of 322 months.

Mr. Rockey raises three issues on appeal.  First he argues that there was insufficient evidence that he possessed a firearm in furtherance of a drug trafficking

crime. Second, he contends that the District Court erred in determining the applicable sentencing range under the U.S. Sentencing Guidelines Manual ("U.S.S.G." or "Guidelines"). Finally, he argues that his sentence is unreasonable in light of the sentencing factors set forth in 18 U.S.C. § 3553(a). We address each argument in turn.

## II. DISCUSSION

A.    Sufficiency of the Evidence: Possession of a Firearm in Furtherance of a Drug Trafficking Crime

We review claims of insufficient evidence de novo. *United States v. LaVallee*, 439 F.3d 670, 697 (10th Cir. 2006). "Evidence is sufficient to support a conviction if, viewing the evidence in the light most favorable to the government, a reasonable jury could have found the defendant guilty beyond a reasonable doubt." *Id.* (quoting *United States v. Hien Van Tieu*, 279 F.3d 917, 921 (10th Cir.2002)).

Mr. Rockey's argument based on insufficiency of the evidence is twofold. First, he contends that his conviction under 21 U.S.C. § 841(c)(2) for possessing ephedrine (a precursor chemical), knowing, or having reason to believe, that it will be used to manufacture methamphetamine (a controlled substance), does not constitute a "drug trafficking crime" under 18 U.S.C. § 924(c)(1)(A) because ephedrine is not a controlled substance. A "drug trafficking crime" within the meaning of § 924(c)(1)(A), however, includes "any felony punishable under the Controlled Substances Act (21 U.S.C. § 801 et seq.)." 18 U.S.C. § 924(c)(2). Because possession of ephedrine under § 841(c)(2) is a

felony punishable under the Controlled Substances Act, Mr. Rockey's first contention has no merit.

Mr. Rockey next argues that there was insufficient evidence to support his conviction because there was no evidence that he possessed the gun "in furtherance" of his crime of possession of ephedrine. As Mr. Rockey points out, the mere presence of a firearm at the scene of a drug trafficking crime is not sufficient to establish the "in furtherance" element of § 924(c)(2). *See United States v. Ceballos-Torres*, 218 F.3d 409, 414 (5th Cir. 2000). Rather, the possession must "further[], advance[], or help[] forward a drug trafficking offense." *Id.* Factors to consider in making this determination include:

> the type of drug activity that is being conducted, accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found.

*Id.* at 414–15. In this way, "a drug dealer whose only firearms are unloaded antiques mounted on the wall does not possess those firearms 'in furtherance' of drug trafficking." *Id.* at 415. Similarly, "a drug trafficker who engages in target shooting or in hunting game likely [will not] violate the law by keeping a pistol for that purpose that is otherwise locked and inaccessible." *Id.*

Here, however, evidence established that when Mr. Rockey was apprehended, after two days on the lam, he possessed a bag containing not only the loaded firearm, but also several implements used to manufacture methamphetamine, including ephedrine, lithium

-5-

batteries, iodine, and a syringe.  Further, he possessed the gun illegally as he had already been convicted of a felony.  *See* 18 U.S.C. § 922(g)(1).  Based on this evidence, a rational jury could conclude that Mr. Rockey possessed a firearm in furtherance of a drug trafficking crime—his possession of ephedrine.  *See Brooks*, 438 F.3d at 1238 (finding that firearms in vehicle, along with instrumentalities of methamphetamine manufacturing, was sufficient evidence from which a jury could conclude that the purpose of the firearm was to further the drug trafficking crime); *United States v. Lott*, 310 F.3d 1231, 1246–48 (10th Cir. 2002) (same).

 B.    Armed Career Criminal Enhancement

Mr. Rockey next argues that the District Court erred in setting his base offense level for his felon-in-possession conviction, *see* 18 U.S.C. § 922(g), at 34.  Specifically, he contends that he did not possess a firearm in connection with a crime of violence under U.S.S.G. § 4B1.4(b)(3)(A).  We review a district court's interpretation of the Guidelines de novo and its factual findings for clear error, "giving due deference to the district court's application of the guidelines to the facts."  *United States v. Chavez*, – F.3d –, 2006 WL 1000811 at *2 (10th Cir. 2006).

The Armed Career Criminal Act ("ACCA") mandates a minimum fifteen-year sentence for a violation of 18 U.S.C. § 922(g) if the defendant has three prior convictions for violent felonies, serious drug offenses, or both.  *See* 18 U.S.C. § 924(e)(1).  The District Court concluded that Mr. Rockey was an armed career criminal under 18 U.S.C.

§ 924(e)(1) because he had previously been convicted of at least three violent felonies or drug offenses.[1]  As a result, the District Court applied U.S.S.G. § 4B1.4, which provides for enhanced sentences for armed career criminals, to calculate Mr. Rockey's offense level.

Section § 4B1.4(b)(3)(A) states that an offense level of 34 shall apply *inter alia* "if the defendant used or possessed the firearm . . . in connection with . . . a crime of violence."  Otherwise, an offense level of 33 applies.  U.S.S.G. § 4B1.4(b)(3)(B).  A "crime of violence" in this context includes "any offense . . . punishable by imprisonment for a term exceeding one year that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another."  U.S.S.G. § 4B1.2(a)(1).  The District Court concluded that Mr. Rockey possessed a firearm in connection with a crime of violence—namely, pointing and shooting the gun at Officer Holcomb.  Mr. Rockey argues, however, that the jury, in a special interrogatory, concluded that the Government failed to prove this fact beyond a reasonable doubt.  Accordingly, Mr. Rockey contends that U.S.S.G. § 4B1.4(b)(3)(A) is inapplicable.[2]

As an initial matter, there is no requirement that the enhancement in

---

[1]Mr. Rockey has prior convictions for feloniously pointing a firearm, possessing marijuana with intent to distribute, second-degree murder, and two prior convictions for escape from a penal institution.  Each offense was committed on a different occasion.  Mr. Rockey does not appeal the District Court's determination that these crimes fall within the scope of 18 U.S.C. § 924(e).

[2]Mr. Rockey does not dispute that pointing a gun at a police officer is a crime punishable by more than a year in prison.  *See* U.S.S.G. § 4B1.2(a)(1).

§ 4B1.4(b)(3)(A) be applied only when the defendant is charged with or convicted of a crime of violence. Rather, if a district court finds, based on a preponderance of the evidence, that the unlawful conduct occurred, the enhancement is proper. *See United States v. Mack*, 229 F.3d 226, 235 (3d Cir. 2000); *United States v. Mellerson*, 145 F.3d 1255, 1257–58 (11th Cir. 1998); *United States v. Pluta*, 144 F.3d 968, 977 (6th Cir. 1998); *United States v. Wilson*, 95 Fed. App'x 970, 977 (10th Cir. 2004). And, while it is true that the jury did not find that Mr. Rockey fired upon Officer Holcomb, this determination "does not prove that [Mr. Rockey] is innocent; it merely proves the existence of a reasonable doubt as to his guilt." *United States v. Mendez-Zamora*, 296 F.3d 1013, 1019 (10th Cir. 2002). The existence of reasonable doubt, however, does not prevent a district court from finding, under a preponderance of the evidence standard of proof, that the conduct occurred for purposes of sentencing.[3] *Id.*

Moreover, courts have concluded that merely pointing a firearm at

---

[3]Of course, if the District Court had made this determination prior to the Supreme Court's ruling in *United States v. Booker*, 543 U.S. 220 (2005), Mr. Rockey's sentence would have been imposed in violation of the Sixth Amendment. In *Booker*, the Court held that "any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.* at 244; *see also United States v. Wilson*, 150 Fed. App'x 767 (10th Cir. 2005) (on remand in light of *Booker*, stating that the district court erred in making its own factual findings as to the § 4B1.4(b)(3)(A) enhancement). Post-*Booker*, however, it is permissible to enhance a sentence on the basis of judge-found facts, so long as the court has discretion to impose a sentence outside the Guidelines range. *United States v. Lawrence*, 405 F.3d 888, 907 (10th Cir. 2005).

another—without firing—constitutes a "crime of violence" because it is an offense that, by its nature, involves the threatened use of physical force. *See, e.g., United States v. Thompson*, 891 F.2d 507, 510 (4th Cir.1989); *Wilson*, 95 Fed. App'x at 975–77 (evidence that defendant pointed firearm at another sufficient to enhance sentence under § 4B1.4(b)(3)(A)). In another special interrogatory, the jury concluded that the Government proved, beyond a reasonable doubt, that Mr. Rockey's actions with the firearm created a serious risk of injury or death. As such, the jury's conclusion that Mr. Rockey did not actually fire the gun is not dispositive here, since the Government's burden to prove the applicability of a sentencing enhancement is lower than "beyond a reasonable doubt" and because the enhancement could be based on a finding that Mr. Rockey merely aimed the firearm at Officer Holcomb.

Here, Officer Holcomb testified that while he was pursuing Mr. Rockey in his car, Mr. Rockey aimed his gun at him and fired two shots. He also testified that when Mr. Rockey got out of his truck and ran into the field, he again aimed his gun at Officer Holcomb. Another officer testified that when he arrived at the scene, Officer Holcomb recounted his story and described the gun that Mr. Rockey possessed—a description which later turned out to be accurate.

Mr. Rockey's counsel tried to cast doubt as to whether Mr. Rockey fired upon Officer Holcomb by suggesting that the gun was too heavy for Mr. Rockey to hold in one hand, aim, and fire, while using his other hand to drive the truck. His counsel also

demonstrated that no shell casings were found and that when Mr. Rockey was finally located, the gun was fully loaded. While this evidence may have contributed to the jury's determination that Mr. Rockey did not fire upon Officer Holcomb beyond a reasonable doubt, we find no error in the District Court's determination that, under a preponderance of the evidence standard, Mr. Rockey possessed the firearm during the commission of a crime of violence. Indeed, the court found Officer Holcomb's testimony particularly credible and gave weight to the fact that he was able to describe the gun. These findings are not clearly erroneous.

C.      Reasonableness of Sentence

Finally, Mr. Rockey argues that his sentence is unreasonable. "[A] sentence that is properly calculated under the Guidelines is entitled to a rebuttable presumption of reasonableness. This is a deferential standard that . . . the defendant . . . may rebut by demonstrating that the sentence is unreasonable when viewed against the other factors delineated in § 3553(a)." *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006).

Mr. Rockey only perfunctorily attempts to rebut the presumption of reasonableness of his sentence. For example, he suggests that his prior service in the Vietnam War merits a reduction. He also suggests that the sentence he received, because of his age at the time of conviction, is essentially a life sentence. As the District Court noted, however, "any sentence is potentially a life sentence, if you commit crimes as you get older." Mr. Rockey has not rebutted the presumption of reasonableness and therefore his

sentence is reasonable.

### III.  CONCLUSION

For the foregoing reasons, we AFFIRM Mr. Rockey's conviction and sentence.