**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 13, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANDY JARDINE,

Defendant - Appellant.

No. 05-8069
(D. Ct. No. 02-CR-38-ABJ)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **BARRETT**, Senior Circuit Judge, and **O'BRIEN**, Circuit Judge.

This is a direct appeal following resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005). We have jurisdiction under 28 U.S.C. § 1291 and AFFIRM.

**I.  BACKGROUND**

On July 26, 2002, a jury convicted Defendant-Appellant Andy Jardine of two counts of unlawfully possessing firearms in violation of 18 U.S.C. §§ 922(g)(1) and (g)(9). At the first sentencing hearing, the District Court applied United States Sentencing Guidelines Manual ("U.S.S.G.") § 2K2.1 to determine Mr. Jardine's base

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

offense level. Because the court found that Mr. Jardine had possessed a firearm in connection with a separate drug trafficking offense it applied § 2K2.1(c)(1)(A)'s cross-reference to § 2X1.1. That Guidelines section instructs a district court to apply the base offense level of the other offense if it is higher than the base level under § 2K2.1. In this case, the drug trafficking offense did result in a higher offense level, and Mr. Jardine was ultimately sentenced to 108 months' imprisonment on November 7, 2002. This Court affirmed Mr. Jardine's conviction and sentence on direct appeal on April 20, 2004. *See United States v. Jardine*, 364 F.3d 1200 (10th Cir. 2004).

While Mr. Jardine's petition for a writ of certiorari was pending, the Supreme Court decided *United States v. Booker*. The import of that decision is now well-known: under a mandatory sentencing scheme, the Sixth Amendment requires that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 543 U.S. at 244. In light of that decision, the Supreme Court granted Mr. Jardine's petition and remanded his case to this Court for further reconsideration. *See Jardine v. United States*, 543 U.S. 1102 (2005). The Government conceded that *Booker* mandated resentencing, which this Court ordered on May 12, 2005. *See United States v. Jardine*, 406 F.3d 1261 (10th Cir. 2005). Resentencing took place on July 6, 2005. The District Court found the same facts, applied § 2K2.1 and § 2X1.1 in the same way, and again sentenced Mr. Jardine to 108 months' imprisonment. This appeal followed.

## II. DISCUSSION

A.     Sixth Amendment Error

Mr. Jardine first argues that after *Booker*, the Sixth Amendment requires that a jury—rather than a judge—determine whether he possessed a firearm in connection with drug trafficking in order to apply the cross-reference to § 2X1.1 contained in § 2K2.1. Reviewing de novo, *see United States v. Angelos*, 433 F.3d 738, 753 (10th Cir. 2006), we disagree.

To remedy the Sixth Amendment infirmity inherent in the pre-*Booker* Guidelines, the Court struck down the statutory provisions that made the Guidelines mandatory. *Booker*, 543 U.S. at 244.  Accordingly, acting under an advisory scheme, "it is permissible to enhance a sentence on the basis of judge-found facts." *United States v. Rockey*, — F.3d — at n.2 (10th Cir. 2005); *see also United States v. Lawrence*, 405 F.3d 888, 907 (10th Cir. 2005) ("the Supreme Court's holding in *Booker* would not have prohibited the district court from making the same factual findings and applying the same enhancements and adjustments to [the defendant's] sentence as long as it did not apply the Guidelines in a mandatory fashion").  In this case, the District Court clearly sentenced Mr. Jardine under an advisory scheme; therefore, the court did not engage in judicial fact-finding of the sort prohibited by *Booker*.

B.     Fifth Amendment Error

Mr. Jardine also contends that application of § 2X1.1 violates his due process rights after *Booker* because he was sentenced for a drug trafficking offense that he was

never charged with or convicted of. To begin, we have previously rejected a similar argument made prior to *Booker*. *See United States v. O'Flanagan*, 339 F.3d 1229,1234 (10th Cir. 2003) ("§ 2X1.1, when cross-referenced by § 2K2.1(c), does not require a conviction before a district court may use the guideline provision applicable to the conduct underlying the firearm offense."). Moreover, 18 U.S.C. § 3661 instructs that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence," and this statutory provision regarding sentencing remains in full effect even after *Booker*. *See United States v. Magallanez*, 408 F.3d 672, 684 (10th Cir. 2005); *see also United States v. Watts*, 519 U.S. 148, 156 (1997) (concluding that a district court has discretion under § 3661 to consider crimes for which the defendant was not convicted, and noting that "application of the preponderance standard at sentencing generally satisfies due process."). In this case, the court received a significant amount of testimony from a number of different sources pertaining to Mr. Jardine's simultaneous involvement with guns and drug trafficking. Applying the preponderance standard, this evidence was clearly sufficient to establish his drug trafficking activity as conduct underlying the firearm offense. We therefore conclude that Mr. Jardine's sentence was not imposed in violation of his right to due process.

C.     Reasonableness of Sentence

Finally, Mr. Jardine makes a cursory argument that the District Court failed to

- 4 -

account for the sentencing factors set forth at 28 U.S.C. § 3553(a) and that his 108-month sentence is unreasonable. We find no merit to either contention.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Circuit Judge