**F I L E D**

**UNITED STATES COURT OF APPEALS**

**July 20, 2007**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

    v.

EVERETTE LEE WARREN, a/k/a
Everet Lee Warren, a/k/a Evert Lee
Warren,

        Defendant-Appellant.

No. 06-5224

(D.C. No. 06-CR-109-C)

(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **McKAY**, and **McCONNELL**, Circuit Judges.

---

    Defendant Everette Lee Warren appeals the district court's imposition of a

seventy-five month prison sentence for violating 18 U.S.C. § 922(g) and the

running of that sentence consecutively to a state prison term imposed following

revocation of a suspended state burglary sentence.

---

    [*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.
    After examining the briefs and the appellate record, this panel has
determined unanimously to honor the parties' request for a decision on the briefs
without argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

## BACKGROUND

Defendant was a passenger in his mother's maroon automobile when a heated argument between the pair erupted. Defendant's mother pulled into a parking lot and ordered him out of the vehicle. After Defendant exited the vehicle, a nearby witness observed Defendant screaming obscenities at the driver just prior to pointing a handgun at the driver and threatening the driver's life. The witness had another individual call the police but, due to the lack of immediate police response, the witness began to follow Defendant, who left the parking lot on foot. A short distance later, the witness flagged down an approaching police car and pointed out Defendant as the subject of the reported incident. Tulsa police then arrested Defendant and retrieved a silver, loaded, .38-caliber revolver from the bushes near the spot of arrest.

Defendant initially was charged in state court with possession of a firearm by a previously convicted felon in violation of Oklahoma law. That charge was dropped by the State however, in exchange for Defendant's acceptance of a five-year prison term for revocation of his suspended state burglary sentence. Defendant thereafter was indicted in federal court for possession of a firearm by a previously convicted felon in violation of federal law, to which he pleaded guilty. At sentencing, after receiving witness testimony from both parties, the district court assessed a four-level enhancement for use of a firearm in connection with the commission of another felony offense (pointing a firearm at a person in

-2-

violation of Okla. Stat. tit. 21, § 1289.16) pursuant to U.S.S.G. § 2K2.1(b)(6) and imposed a seventy-five month term of imprisonment, to run consecutively to Defendant's state burglary sentence.

## ANALYSIS

Defendant argues that the district court improperly enhanced his sentence, erred in ordering his federal sentence to run consecutively to his state sentence, and failed to impose a reasonable sentence. We review a district court's interpretation of the Sentencing Guidelines *de novo* and its factual findings for clear error, giving deference to the district court's application of the Guidelines to the facts. *United States v. Rockey*, 449 F.3d 1099, 1104 (10th Cir. 2006).

## A.    § 2K2.1(b)(6) Enhancement

The district court imposed a four-level enhancement under U.S.S.G. § 2K2.1(b)(6) for use of a firearm in connection with another felony offense, to wit: feloniously pointing a firearm at a person in violation of Oklahoma law.[1]

---

[1] According to Okla. Stat. tit. 21, § 1289.16:
It shall be unlawful for any person to willfully or without lawful cause point a shotgun, rifle or pistol, or any deadly weapon, whether loaded or not, at any person or persons for the purpose of threatening or with the intention of discharging the firearm or with any malice or for any purpose of injuring, either through physical injury or mental or emotional intimidation or for purposes of whimsy, humor or prank, or in anger or otherwise . . . .
Under Okla. Stat. tit. 21, § 1289.17, this crime is punishable with one to ten years imprisonment.

According to Defendant, the district court erred in applying § 2K2.1(b)(6) because the government failed to present evidence at the sentencing hearing sufficient to establish the predicate facts of the underlying Oklahoma felony. Defendant argues that because the government's witness could not actually see the driver through the vehicle's tinted windows, the government could not establish a violation of the Oklahoma statute. Additionally, Defendant argues that the government's witness mistook Defendant's cellular telephone for a firearm due to the witness' poor vantage point and that the court should have credited the testimony of Defendant's mother, who could more clearly see Defendant.

Defendant's arguments essentially question the district court's witness credibility determinations. "We review a district court's determination of witness credibility for clear error." *United States v. Virgen-Chavarin*, 350 F.3d 1122, 1134 (10th Cir. 2003). Assessing witness credibility at sentencing is the role of the sentencing court. *United States v. Deninno*, 29 F.3d 572, 578 (10th Cir. 1994). "We will not hold that testimony is, as a matter of law, incredible unless it is unbelievable on its face, *i.e.*, testimony as to facts that the witness physically could not have possibly observed or events that could not have occurred under the laws of nature." *United States v. Mendez-Zamora*, 296 F.3d 1013, 1018 (10th Cir. 2002) (internal quotation marks and brackets omitted). A district court's witness credibility determinations are "virtually unreviewable on appeal[.]" *Virgen-Chavarin*, 350 F.3d at 1134 (internal quotation marks and brackets

omitted).  Ultimately, of course, the government bears the burden of establishing, by a preponderance of the evidence, that application of the sentencing enhancement was justified.  *See United States v. Farnsworth*, 92 F.3d 1001, 1009 (10th Cir. 1996).

The government witness testified that he observed Defendant from a vantage point twenty yards across the street and behind the vehicle.  He testified that Defendant was yelling at the vehicle's driver through the open passenger-side door of the two-door vehicle.  He further testified that Defendant repeatedly called the driver "bitch," and that he heard a woman's voice retorting.  According to the witness, Defendant then pulled a revolver from his jacket pocket and pointed it through the open car door while threatening the driver's life, following which the vehicle drove off.

We cannot say that this testimony is incredible or fails to establish that Defendant pointed the revolver at his mother.  The mere fact that the witness could not see the driver through the tinted glass does not mean that a driver was not present.  Defendant's mother conceded this fact when she admitted that she was driving the vehicle and, indeed, that Defendant pointed an object at her.  Thus, the only real question is whether that object was a revolver or a cellular telephone.  Defendant presented as a witness his mother, herself a convicted felon, who testified that Defendant was shaking his cellular telephone during the argument and then threw the phone into the car.  The district court elected to

credit the government witness' version of the facts, a version that we find far from incredible, especially in light of the witness' statements that the revolver's barrel and spindle were clearly visible and that Defendant did not throw anything into the vehicle.

**B.      Consecutive Sentence**

According to Defendant, the district court improperly ran Defendant's federal sentence consecutively to Defendant's state burglary sentence. Defendant argues that he should have received a concurrent sentence because his state and federal sentences resulted from possession of the same firearm and are therefore necessarily related. Specifically, because his confession to the application to revoke his formerly suspended state burglary sentence was given in exchange for dismissal of the state felon-in-possession-of-a-firearm charge, he contends that the state sentence is "interconnected" with the federal felon-in-possession-of-a-firearm conviction. (Def.'s Opening Br. at 25; *see id.* at 28.) Interspersed with this argument are allegations that the police exhibited bad faith by using the state firearm-possession charge to "coerce" Defendant into accepting revocation of his suspended state burglary charge only to then "disingenuously" have federal charges levied. (*Id.* at 30.) Defendant asserts that this was a blatant attempt to "make an end run around the statutory maximum" set by 18 U.S.C. § 924(a)(2). (*Id.*)

"In general, a district court has broad discretion to sentence a defendant to a consecutive or concurrent sentence." *United States v. Contreras*, 210 F.3d 1151, 1152 (10th Cir. 2000). "This discretion is limited, however, by U.S.S.G. § 5G1.3 when . . . a defendant [is] subject to an undischarged term of imprisonment." *Id.* Under § 5G1.3(a), a district court is required to impose a consecutive sentence where the defendant committed the charged crime while serving a sentence or after sentencing but prior to commencing service of that sentence. Because Defendant was not serving a sentence at the time he committed the instant offense, subsection (a) does not apply. *See United States v. Tisdale*, 248 F.3d 964, 976 (10th Cir. 2001) (observing that "an undischarged term of probation" does not implicate application of subsection (a)).

Section 5G1.3(b) mandates a concurrent sentence where subsection (a) does not apply and, *inter alia*, the term of imprisonment "resulted from another offense that is relevant conduct to the instant offense of conviction." Subsection (b) indicates that "relevant conduct" is understood by reference to U.S.S.G. § 1B1.3(a)(1-3). Relevant conduct under these subsections includes (1) "all acts and omissions committed . . . or willfully caused by the defendant . . . that occurred during the commission of the offense of conviction," (2) "all acts and omissions described in [subsection (a)(1)] that were part of the same course of conduct or common scheme or plan as the offense of conviction," and (3) "all harm that resulted from the acts and omissions specified in subsections (a)(1) and

-7-

(a)(2) . . ., and all harm that was the object of such acts and omissions." U.S.S.G. § 1B1.3(a)(1-3). The central aim of § 5G1.3(b) is to "ensure no defendant is punished twice for the same crime." *Contreras*, 210 F.3d at 1153. Thus, § 5G1.3(b) is meant to "credit[] for guidelines purposes[] defendants who have already served time—generally in another jurisdiction—for the same conduct or course of conduct." *United States v. Johnson*, 40 F.3d 1079, 1082 (10th Cir. 1994) (internal quotation marks omitted) (first alteration in original). Under § 5G1.3(b), the crime of burglary for which Defendant received the five year state sentence is clearly not relevant conduct to a § 922(g) conviction arising out of a firearm possession nearly two years later, whatever Defendant's motivation for confessing the allegations in the state's application for revocation. *See United States v. Moyer*, 282 F.3d 1311, 1317 (10th Cir. 2002) (holding that federal conviction for firearms violation and state sexual assault conviction did not arise from same source of conduct under § 5G1.3(b) even though federal conviction caused revocation of state probation); *see also United States v. Contreras-Martinez*, 409 F.3d 1236, 1240 (10th Cir. 2005) (concluding that § 5G1.3(b) did not apply because second illegal re-entry conviction, although causing revocation of supervised release term given for first illegal re-entry conviction, was a separate act of illegal re-entry).

Accordingly, § 5G1.3(c) is the applicable Guidelines provision. That subsection affords the district court discretion in imposing either a consecutive or

concurrent sentence, but encourages imposition of a consecutive sentence where parole is revoked as a result of the instant offense. U.S.S.G. § 5G1.3(c), cmt. n.3(c). The district court decided to follow the Guidelines recommendation when it imposed a consecutive sentence, and this decision certainly did not amount to an abuse of discretion.[2] *See Contreras-Martinez*, 409 F.3d at 1240-42.

Nor do we give any weight to Defendant's conclusory allegations that bad faith led to both the revocation of his state burglary sentence and his federal conviction. Defendant confessed the allegations in the application for revocation of his state burglary sentence in exchange for dismissal of the state weapons charge—an agreement that the state authorities respected—not in exchange for immunity from federal prosecution. The state prosecutors made no representations regarding immunity for federal prosecution. Additionally, the defense counsel responsible for securing the state agreement testified at the sentencing hearing that he never contacted the federal prosecutors to inquire about securing reciprocal immunity. As a consequence, we find nothing wrong with Defendant's receipt of a consecutive federal sentence for his § 922(g) conviction.

---

[2] Because § 5G1.3(c), cmt. n.3(c) expressly recommends imposing a consecutive sentence and because the district court made clear that it was following this recommendation in imposing the sentence consecutively, we reject Defendant's argument that the district court did not properly state its reasons for imposing the sentence consecutively. *See Contreras-Martinez*, 409 F.3d. at 1242 n.4.

## C.    Reasonableness

Defendant lastly challenges the reasonableness of his sentence. "Post-*Booker*, we review sentencing decisions for reasonableness, which has both procedural and substantive components." *United States v. Atencio*, 476 F.3d 1099, 1102 (10th Cir. 2007). "In setting a procedurally reasonable sentence, a district court must calculate the proper advisory Guidelines range and apply the factors set forth in § 3553(a)." *Id.* "A substantively reasonable sentence ultimately reflects the gravity of the crime and the § 3553(a) factors as applied to the case." *Id.* Because district courts continue to calculate the Guidelines range as part of their sentencing determination, "we continue to review the district court's application of the Guidelines *de novo*, and we review any factual findings for clear error." *United States v. Townley*, 472 F.3d 1267, 1275-76 (10th Cir.), *cert. denied* --- U.S. ----, 2007 WL 812061 (2007). Where a district court "correctly applies the Guidelines and imposes a sentence within the applicable Guideline range, that sentence 'is entitled to a rebuttable presumption of reasonableness.'" *Id.* at 1276 (quoting *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006) (per curiam)); *see Rita v. United States*, 551 U.S. ----, No. 06-5754, 2007 WL 1772146, at *6 (U.S. June 21, 2007) (upholding appellate presumption of reasonableness for within-Guidelines sentences).

Defendant asserts that because his federal sentence combined with his state

-10-

sentence yields a total of 135 months' imprisonment, his sentence is unreasonable. In addition, Defendant argues that sentencing enhancements and criminal history calculations "overlap, and become the tail-that-wags-the dog [sic]." (Def.'s Opening Br. at 33.) After thoroughly reviewing the pre-sentence report, the transcript of the sentencing hearing, and the parties' arguments on appeal, we find no error. In addition, as noted above in Part B, we find nothing improper with the consecutive nature of Defendant's federal sentence.

Defendant also argues for the first time in his reply brief that the district court committed procedural error by enhancing Defendant's sentence because of the court's dissatisfaction over misrepresentations made by Defendant in conjunction with a withdrawn objection to the pre-sentence report. He also argues that no presumption for substantive reasonableness should exist. We generally decline to consider arguments raised for the first time in a reply brief. *Planned Parenthood of Rocky Mountains Servs. Corp. v. Owens*, 287 F.3d 910, 927 n.18 (10th Cir. 2002); *United States v. Murray*, 82 F.3d 361, 363 n.3 (10th Cir. 1996). Moreover, these late arguments are without merit. Despite the district court's recorded disapproval, the court did not impose an obstruction-of-justice enhancement or any other enhancement as a result of Defendant's misrepresentation. In addition, the Supreme Court's recent decision in *Rita*, 2007 WL 1772146, upheld the appellate presumption of reasonableness for within-Guidelines sentences.

## CONCLUSION

For all the foregoing reasons, we **AFFIRM** Defendant's conviction and sentence.  Appellant's motion to file a supplemental brief is denied.

Entered for the Court

Monroe G. McKay
Circuit Judge