FILED
United States Court of Appeals
Tenth Circuit

June 29, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CHRISTOPHER MICHAEL
MCGINNIS,

Defendant-Appellant.

No. 09-5153

(N.D. Oklahoma)

(D.C. No.  4:09-CR-00092-GKF-1)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **PORFILIO**, and **BRORBY**, Circuit Judges.[**]

A grand jury indicted the defendant Christopher Michael McGinnis on four

counts relating to the attempted manufacture of methamphetamine:  (1)

knowingly and intentionally possessing pseudoephedrine with the intent to

---

[*]  This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination
of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.

manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(1) and 18 U.S.C. § 2; (2) possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); ( 3) possessing a firearm after having been convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and (4) knowingly possessing a firearm while being subject to a state court protective order, in violation of 18 U.S.C. §924(a)(2).

Mr. McGinnis pleaded guilty to the first, third, and fourth counts. He pleaded not guilty on the second count, but was convicted after a jury trial. The district court sentenced Mr. McGinnis to 144 months' imprisonment on the three counts to which he pleaded guilty, followed by a consecutive term of 60 months' imprisonment on the § 924(c) violation.

Mr. McGinnis now appeals, arguing that the evidence is insufficient to support the government's allegation that he possessed a firearm in furtherance of a drug trafficking crime. We are not persuaded and therefore affirm the § 924(c) conviction.

## I. BACKGROUND

On April 1, 2009, agents from the Bureau of Alcohol, Tobacco, Firearms and Explosives, Tulsa Police Department, and Claremore Police Department conducted rolling surveillance of Cody Lee, a burglary suspect. Mr. Lee was

riding in a car with three other individuals, including Mr. McGinnis. Over a period of several hours, the agents observed Mr. Lee, Mr. McGinnis, and their cohorts enter multiple drug stores and buy pseudoephedrine and other precursor ingredients with which to manufacture methamphetamine.

Based on surveillance, the agents decided to pull the suspect's car over to conduct a search. They found pseudoephedrine, eight lithium batteries, iodine tincture, a large white tub, a cell phone, a device used to smoke methamphetamine, and a digital scale. In Mr. McGinnis's pants pocket the officers found a Jennings, Model J22, .22 caliber pistol that was loaded with six rounds of ammunition.

After receiving his *Miranda* warnings, Mr. McGinnis spoke to the officers. He admitted the items that he and his companions had purchased were related to the manufacture of methamphetamine and that they intended to manufacture the drug. During the trial, the government offered testimony from two agents from the Bureau of Alcohol, Tobacco, and Firearms; two officers from the Tulsa Police Department; and an officer from the Claremore Police Department. Each of those officers participated in the rolling surveillance operation. Claremore Police Officer John Singer testified that guns are commonly found on suspects involved in the production of methamphetamine.

Mr. McGinnis testified in support of his defense. He told the jury that he had purchased the .22 caliber pistol to protect himself from a violent drug gang. He explained that he had been assaulted by members of the gang because he owed them an outstanding drug debt. He stated that he was hospitalized following the incident and received staples in the side of his head.

## II. DISCUSSION

On appeal, Mr. McGinnis argues that the evidence is insufficient to support the § 924(c) conviction. We review the sufficiency of the evidence de novo, taking all of the evidence in the light most favorable to the jury verdict and drawing all reasonable inferences that support the verdict. *United States v. Wright*, 506 F.3rd 1293, 1297 (10th Cir. 2007).

One part of section 924 (c) prohibits the possession of a firearm "in furtherance of" a drug trafficking crime. In order to establish a conviction under this theory, the government must establish that the defendant (1) committed a drug trafficking crime; (2) possessed a firearm; and (3) possessed the firearm in furtherance of the underlying crime. *See United States v. Poe*, 556 F.3d 1113, 1127 (10th Cir.), *cert. denied*, 130 S. Ct. 395, (2009). Here, Mr. McGinnis challenges only the third element. He argues that the evidence established that he possessed the pistol to protect himself from a drug gang but not that he possessed

it "in furtherance of" the crime of possessing pseudoephedrine with the intent to manufacture methamphetamine.

A firearm is possessed in furtherance of a drug trafficking crime if it assists promotes, or aids in accomplishing, advancing or achieving the goal or objective of the underlying offense. *United States v. Rockey*, 449 F.3d 1099, 1103 (10th Cir. 2006). "[T]he mere presence of a firearm at the scene of a drug trafficking crime is not sufficient to establish the 'in furtherance' element of § 924(c)(2)." *Id.* In addition, expert testimony that drug traffickers generally use firearms to further their drug crimes, standing alone, is not sufficient to establish the in-furtherance-of element. *See United States v. Rios*, 449 F.3d 1009, 1014 (9th Cir. 2006) (examining H.R. Rep. No. 105-344, at 12, to find that the legislative response to *Bailey v. United States*, 516 U.S. 137 (1995), was to state that "[s]tanding on its own, [expert testimony that drug dealers typically possess guns] may be insufficient to meet the 'in furtherance of' test").

Rather, the in-furtherance element requires the jury to find "a nexus between the defendant's possession of the firearm and the drug offense." *United States v. Thorpe*, 447 F.3d 565, 568 (8th Cir. 2006). "[A] sufficient nexus exists where the firearm protects drug stockpiles or the defendant's territory, enforces payment for the drugs, or guards the sales proceeds." *United States v. Sherman*, 551 F.3d 45, 49-50 (1st Cir. 2008) (citations omitted); *see United States v.*

*Coleman*, 603 F.3d 496, 501(8th Cir. 2010) (holding that a gun discovered "in close proximity" to drugs supported "an inference that the firearm was for the protection of the drugs") (internal quotation marks omitted). The element is also satisfied when a firearm is "kept available for use should it be needed during a drug transaction, and the defendant intended the firearm to be accessible for that purpose. *Poe*, 556 F.3d at 1127.

This circuit has concluded that the jury may consider a variety of factors in determining whether a defendant has possessed a firearm in furtherance of the underlying crime. The factors include (1) the type of drug activity that is being conducted; (2) the accessibility of the firearm; (3) the type of firearm involved; (4) whether the possession of the firearm is illegal or legitimate; (5) whether the gun is loaded; (6) the proximity of the firearm to drugs or drug profits; and (7) the time and circumstances under which the gun is found. *United States v. Lott*, 310 F.3d 1231, 1247 (10th Cir. 2002).[1]

---

[1] The Ninth Circuit has "expressly condemned the notion that loaded or unregistered firearms are particularly indicative of drug trafficking [crimes]" and holds instead that "sufficient evidence supports a conviction under § 924(c) when facts in evidence reveal a nexus between the gun[] discovered and the underlying offense." *United States v. Mann*, 389 F.3d 869, 879 (9th Cir. 2004) (internal quotation marks omitted). The Ninth Circuit has decided that a factor test similar to the kind employed by the Tenth Circuit is "not helpful in all cases since it [does] not 'distinguish possession for the promotion of drug trafficking from possession for other, perhaps legitimate, purposes." *United States v. Mosley*, 465 F.3d 412, 416 (9th Cir. 2006) (quoting *United States v. Krouse*, 370 F.3d 965, 968 (9th Cir. 2004)). Distinguishing between legitimate and illegitimate purposes for possessing firearms near the locus of drug activity is why the Ninth Circuit

We considered these factors in *Rockey*, 449 F.3d at 1103. There, the defendant was found with "[a] small black bag containing a loaded Ruger Super Blackhawk .44 Magnum affixed with a scope, as well as lithium batteries, a syringe, a bottle of iodine, and [a] plastic baggie containing ephedrine." *Id*. at 1102. We concluded that "[b]ased on this evidence, a rational jury could conclude that [the defendant] possessed a firearm in furtherance of a drug trafficking crime—his possession of ephedrine." *Id*. at 1103.

In contrast, in *United States v. Iiland* law enforcement agents discovered weapons in the defendant's residence and cocaine in a storage unit that he had rented. 254 F.3d 1264, 1268 (10th Cir. 2001). We concluded that the evidence was insufficient to establish that he had possessed the weapons in furtherance of a drug trafficking crime. *Id*. at 1274. We reasoned that "[t]here was no evidence that the gun and drugs were ever kept in the same place or that [the defendant] ever kept the gun accessible when conducting drug transactions." *Id.* We noted that "[t]he fact that drug dealers in general often carry guns for protection is insufficient to show possession in furtherance of drug activity in [the defendant's] particular case." *Id.*

Here, several factors support the jury's determination that Mr. McGinnis possessed the .22 caliber pistol in furtherance of a drug trafficking crime— knowingly and intentionally possessing pseudoephedrine with the intent to manufacture methamphetamine. First, the officers discovered the pistol in Mr. McGinnis's pants

has abandoned a "'checklist' approach to determining whether a firearm was possessed 'in furtherance' of a drug trafficking offense." *Id* at 415.

pocket, making it readily accessible to him.[2] In addition, the firearm was loaded, and Mr. McGinnis did not legally possess it. The proximity of the firearm to the materials to be used to manufacture methamphetamine also supports the jury's finding. Mr. McGinnis purchased the pseudoephedrine with the gun in his pocket and carried the gun in the car where the materials were stored.

Accordingly, we conclude that the government presented sufficient circumstantial evidence to allow a reasonable jury to infer that the loaded .22 caliber pistol in his pants pocket was used in furtherance of Mr. McGinnis's possession of pseudoephedrine with the intent to manufacture methamphetamine.

## III. CONCLUSION

For the foregoing reasons, we affirm Mr. McGinnis's § 924(c) conviction.

Entered for the Court,


Robert H. Henry
Circuit Judge

---

[2] Compare with *Rockey*, where the court noted that "a drug dealer whose only firearms are unloaded antiques mounted on the wall does not possess those firearms 'in furtherance' of a drug trafficking crime," and that "[s]imilarly, a drug trafficker who engages in target shooting or in hunting game likely [will not] violate the law by keeping a pistol for that purpose that is otherwise locked and inaccessible." 449 F.3d at 1103 (internal quotation marks omitted).