**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

FILED
**United States Court of Appeals
Tenth Circuit**

**April 3, 2026**

**Christopher M. Wolpert
Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

OCTAVIO JIMENEZ-MARQUEZ,
a/k/a Octavio Jimenez,

    Defendant - Appellant.

No. 24-2145

_____

**Appeal from the United States District Court
for the District of New Mexico
(D.C. No. 1:23-CR-00032-WJ-1)**

_____

Gregory M. Acton, Acton Law Office, PC, Albuquerque, New Mexico, for Defendant-Appellant.

Louis C. Mattei, Assistant United States Attorney (Ryan Ellison, United States Attorney, with him on the brief), Albuquerque, New Mexico, for Plaintiff-Appellee.

_____

Before **HARTZ**, **TYMKOVICH**, and **McHUGH**, Circuit Judges.

_____

**HARTZ**, Circuit Judge.

_____

Defendant Octavio Jimenez-Marquez was convicted of several offenses in the United States District Court for the District of New Mexico. The only conviction at issue in this appeal is for violating 18 U.S.C. § 924(c) by possessing firearms in furtherance of a drug-trafficking crime.[1] He makes two interrelated arguments: (1) that there was insufficient evidence to convict him, and (2) that the "in furtherance of" language in § 924(c) was unconstitutionally vague as applied to him. We are not persuaded. Under our caselaw there was more than enough evidence to find that Defendant possessed the firearms in furtherance of his underlying drug offense. And the challenged language in § 924(c) is not unconstitutionally vague. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.     BACKGROUND

Defendant was arrested in February 2022 after Albuquerque Police Department officers observed him stepping out of the driver's seat of a truck that had been reported stolen. There were two other passengers in the truck at the time; one was detained but the other fled on foot. The officers searched the truck. Beneath the driver's seat they found an unopened vacuum-sealed bundle of methamphetamine weighing 445 grams, as well as an unloaded revolver, which turned out to have been stolen. In the passenger seat they found an assault rifle with ammunition loaded into an attached magazine, which

---

[1] Defendant was also convicted of possession with intent to distribute methamphetamine under 21 U.S.C. § 841(a)(1) and (b)(1)(A), being an alien in possession of a firearm under 18 U.S.C. § 922(g)(5), and escape under 18 U.S.C. § 751(a).

Defendant later admitted he had moved from the back seat. And in the back-seat area they found a Ziploc bag containing 84 grams of methamphetamine.

At trial the government introduced expert testimony that Defendant's firearms functioned as designed, that the amount of methamphetamine he possessed was consistent with distribution and worth up to $10,800, and that drug traffickers often possess firearms for protection and deterrence. The government also introduced a series of text messages indicating that Defendant had been attempting to obtain firearms after having recently been the victim of a drug robbery.

## II.    DISCUSSION

As relevant here, a person violates § 924(c)(1)(A) by "us[ing] or carr[ying] a firearm" "during and in relation to" a drug-trafficking crime or by "possessing a firearm" "in furtherance of" a drug-trafficking crime. Defendant contends that there was insufficient evidence to show possession *in furtherance of* because the evidence showed only possession *in relation to*. He also argues that the statute, and our caselaw interpreting it, do not adequately distinguish between *in furtherance of* and *in relation to*, thereby rendering the statute unconstitutionally vague. For ease of exposition, we first address the sufficiency issue and explain why there was more than enough evidence, under our caselaw, to convict Defendant. We then turn to Defendant's vagueness challenge and reject it.

### A.    Sufficiency of the Evidence

When assessing a challenge to the sufficiency of the evidence, we "review the record de novo to determine whether, viewing the evidence in the light most favorable to

3

the government, any rational trier of fact could have found the defendant guilty of the crime beyond a reasonable doubt." *United States v. Wood*, 207 F.3d 1222, 1228 (10th Cir. 2000).

To sustain Defendant's conviction under § 924(c), "we must decide whether there was sufficient evidence (1) that [he] possessed the firearm and (2) that this possession was in furtherance of the drug trafficking crime." *United States v. Poe*, 556 F.3d 1113, 1127 (10th Cir. 2009). Because Defendant does not challenge the possession element, we consider only whether there was sufficient evidence that his possession was in furtherance of the drug-trafficking crime.

This court has held that the term *in furtherance of* in § 924(c)(1)(A) means "for the purpose of assisting in, promoting, accomplishing, advancing, or achieving the goal or objective of the underlying offense." *United States v. Basham*, 268 F.3d 1199, 1208 (10th Cir. 2001). And we have recognized several nonexclusive factors that "may help in determining whether possession of a firearm furthers, advances, or helps forward a drug trafficking offense." *Id.* at 1206 (internal quotation mark omitted). We have expressed these *Basham* factors as follows:

> (1) the type of criminal activity that is being conducted; (2) accessibility of the firearm; (3) the type of firearm; (4) whether the firearm is stolen; (5) the status of the possession (legitimate or illegal); (6) whether the firearm is loaded; (7) the time and circumstances under which the firearm is found, and (8) proximity to drugs or drug profits.

*United States v. Russian*, 848 F.3d 1239, 1250 (10th Cir. 2017) (internal quotation marks omitted); *see United States v. King*, 632 F.3d 646, 655 (10th Cir. 2011) (these factors can help us identify the "requisite nexus between the firearm and the drug-trafficking

4

offense").

For example, in *United States v. Lowe*, 117 F.4th 1253, 1271 (10th Cir. 2024)*,* the defendant possessed a gun in furtherance of drug distribution when the gun was kept in the same suitcase compartment as the drugs and the evidence "permit[ted] a jury to find that [the defendant] intended to have the firearm available to protect his drug operation." In *King*, 632 F.3d at 656, the defendant possessed a firearm in furtherance of a drug offense when he kept a loaded rifle in the trunk of the vehicle, right next to drugs, and a law-enforcement officer testified that drug traffickers ordinarily keep firearms in such locations for the purposes of protection and intimidation. And in *United States v. Rockey*, 449 F.3d 1099, 1103 (10th Cir. 2006), the defendant possessed a firearm in furtherance of a drug offense when he kept the firearm (which he could not lawfully possess) in the same bag in which he stored the materials he used to manufacture methamphetamine. At the same time, we have constrained the notion of furtherance. *See United States v. Iiland*, 254 F.3d 1264, 1274 (10th Cir. 2001) (reversing conviction when there was "no evidence that the gun and drugs were ever kept in the same place or that [the defendant] ever kept the gun accessible when conducting drug transactions"); *Rockey*, 449 F.3d at 1103 (10th Cir. 2006) (recognizing that possession would not be in furtherance when, for example, a drug dealer keeps "unloaded antiques mounted on the wall" or keeps a hunting pistol that is "otherwise locked and inaccessible" (internal quotation marks omitted)).

Here, the *Basham* factors cut against Defendant. There was some evidence suggesting that he had been in the middle of a drug deal when the police arrived—there was a small portion of methamphetamine in a separate Ziploc bag, and a passenger in the

truck fled the scene. Firearms were also easily accessible to Defendant from the driver's seat. Defendant points out that the revolver was unloaded and there was no bullet in the rifle chamber (although there was ammunition in the attached magazine), but the government's expert explained at trial that a firearm need not be loaded to be useful for protection or intimidation. And the rifle and the revolver each had unique features that could have helped Defendant protect himself. Also, Defendant had sent text messages indicating that he was seeking to get a gun because someone had recently stolen drugs and a gun from him. The evidence here is similar to, if not stronger than, the evidence in other cases where we have held that the in-furtherance-of element was satisfied. *See, e.g.*, *United States v. Garza*, 566 F.3d 1194, 1197–98 (10th. Cir. 2009) (firearm was in same bedroom as marijuana being held for sale and defendant had recently been shot during a drug robbery); *King*, 632 F.3d at 656 (rifle located in trunk of vehicle, right next to drugs, and officer testified that such firearms in that location are ordinarily kept by drug traffickers for protection or intimidation).

Defendant's argument that the evidence was insufficient is an unusual one. He does not contend that the evidence fails to establish the elements we have set forth. Rather, the essence of the argument is that our interpretation of § 924(c) renders the statute unconstitutionally vague. We therefore turn now to his vagueness argument. Once we reject it, we can rest on our above discussion as showing that the evidence against Defendant was sufficient to convict him.

### B.    Vagueness Challenge

To follow Defendant's vagueness argument, some statutory history is in order.

6

Before being amended in 1998, § 924(c) did not address mere possession of a firearm. It prohibited only *using* or *carrying* a firearm, and that use or carriage had to be *during and in relation to* a drug-trafficking offense. The statute read as follows:

> Whoever, *during and in relation to* any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which he may be prosecuted in a court of the United States, *uses or carries a firearm*, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years . . . .

18 U.S.C. § 924(c)(1) (1984) (emphasis added). (For simplicity, our discussion will ignore the statutory references to crimes of violence.) But prosecutors pushed the boundaries of the term *uses*, and courts accommodated their broad view—at least until the Supreme Court addressed the issue in *Bailey v. United States*, 516 U.S. 137 (1995). *Bailey* rejected a reading of the term "use" that was too expansive. *See id.* at 144 (stating that the lower court's standard "provide[d] almost no limitation on the kind of possession that would be criminalized; in practice, nearly every possession of a firearm by a person engaged in drug trafficking would satisfy the standard"). The Court stated that "[h]ad Congress intended possession alone to trigger liability under § 924(c)(1), it easily could have so provided." *Id.* at 143 (noting that Congress had frequently used the term *possess* in gun-crime statutes). The Court held that to convict a defendant under § 924(c) for using a firearm during and in relation to a drug-trafficking crime, the government had to show "an *active employment* of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense." *Id*. at 143. It therefore reversed the convictions of the two petitioners before it.

7

One had been found with "cocaine in the driver's compartment of his car" and a "firearm inside a bag in the locked car trunk"; the Court said that "[t]here was no evidence that [the petitioner] actively employed the firearm in any way." *Id.* at 151. In the other case, "the unloaded, holstered firearm . . . was found locked in a footlocker in a bedroom closet"; "[n]o evidence showed that [the petitioner] had actively employed the firearm." *Id.*

Three years later, *Bailey* was superseded by statute. Congress expanded § 924(c) to proscribe not just using and carrying a firearm but also *possessing* a firearm. It did not, however, simply insert "possesses" into the language "uses or carries,"—that is, it did not change "uses or carries a firearm" to "uses, carries, or possesses a firearm." Rather, the statutory amendment treated possession somewhat differently from using or carrying. Possession of a firearm needed to be "in furtherance of [the drug-trafficking] crime." The amended statute read as follows:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any *person who, during and in relation to* any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, *uses or carries a firearm*, or *who, in furtherance of any such crime, possesses a firearm*, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—

18 U.S.C. § 924(c)(1)(A) (emphasis added). Thus, it would not be enough to possess a firearm "during and in relation to" a drug-trafficking crime; the possession needed to be "in furtherance of" that crime. *Iiland*, 254 F.3d at 1271 (noting that the in-furtherance-of standard was intended to be "*a slightly higher standard*" than "during

8

and in relation to") (internal quotation marks omitted). In other words, possession of a firearm violates the statute if (1) the possession involves using or carrying a firearm and the use or carriage is during and in relation to a drug-trafficking crime, or (2) the possession is in furtherance of such a crime.

We can now turn to Defendant's argument that § 924(c) is unconstitutionally vague as applied to him.[2] We review de novo a challenge for unconstitutional vagueness. *See United States v. Platte*, 401 F.3d 1176, 1189 (10th Cir. 2005). "As generally stated, the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Id.* (internal quotation marks omitted).

Defendant argues that § 924(c) is vague because it is "impossible to know when one's conduct is safely within the 'in relation to' standard and not violating the slightly higher 'in furtherance of' standard." Aplt. Br. at 9. He contends that the statutory amendment, its legislative history, and caselaw put him "on notice that possession of firearms to ensure the success of his drug trafficking activities and to protect his drugs

---

[2] Defendant also brought a facial vagueness challenge but correctly conceded at oral argument that his facial challenge was inappropriate. Outside the First Amendment context, a vagueness challenge generally "cannot be aimed at the statute on its face but must be limited to the application of the statute to the particular conduct charged." *United States v. Morales-Lopez*, 92 F.4th 936, 941 (10th Cir. 2024) (internal quotation marks omitted). And "for over a century federal courts have adjudicated challenges to the constitutionality of penal statutes by relying on the general rule that a defendant to whose conduct a statute clearly applies may not pose a facial challenge to the statute." *Id.* Thus, we will consider only Defendant's as-applied challenge.

and cash constituted possession 'in relation to' his drug trafficking crime. Congress carefully amended § 924(c) to make such *'possession' 'in relation to'* a drug-trafficking crime as *not* violating the Act, as not a separate crime . . . ." Aplt. Br. at 22–23. He concludes: "Because of this unconstitutional vagueness, Courts are simply conflating the standards. That is what happened to Mr. Jimenez in his case." Aplt. Br. at 23.

This argument is hard to parse. One would think that all you need to know to determine whether your possession of a firearm violates the "in furtherance of" language is what *in furtherance of* means. But Defendant appears to be saying that you also need to know the meaning of *in relation to*. Why you need to know that meaning is a puzzle to us. The only way we see that it could make a difference would be if somehow you could not be guilty under the in-furtherance-of clause if your possession was *in relation to* a drug-trafficking crime. But nothing in the language of the statute, or the statutory history, creates this safe harbor for possession that is *in relation to*. You are guilty of the offense if you possess a firearm in furtherance of a drug-trafficking crime, regardless of whether the possession is also in relation to the crime. Indeed, if you possess a firearm in furtherance of the crime, you *always* possess it in relation to the crime. The language "in furtherance of" was meant to be stricter than "in relation to." *See Iiland*, 254 F.3d at 1271. In other words, the occasions when possession is in furtherance of the crime are a subset of the occasions in which possession is in relation to the crime. If a defendant is charged only with possession, all we need to care about is whether the possession was "in furtherance of." Hence, the only vagueness issue would concern the meaning of *in furtherance of*.

10

And we have already discussed the considerations that go into determining whether a possession fits that requirement. Because Defendant makes no argument that those considerations create a vagueness problem, we reject Defendant's due-process claim.

## III.    CONCLUSION

We **AFFIRM** Defendant's conviction under § 924(c). There was sufficient evidence to convict, and the statute was not vague as applied to him.